(134 App. Div. 353.)
HOLTZOFF v. DODGE & OLCOTT CO.

(Supreme Court, Appellate Division, First Department. October 22, 1909.)

1. DISMISSAL AND NONSUIT (§ 60*)—GROUNDS—WANT OF PROSECUTION—EXCUSE.

Summons was served June 15, 1906, and issue joined December 7th thereafter; but plaintiff did not notice the case for trial, nor file a note of issue, until after a motion to dismiss for want of prosecution, made returnable May 25th, 1909, was served, during which issues of August 1, 1907, in nonpreferred causes, had been reached for trial in regular order. Held, that an affidavit of an attorney, who represented the plaintiff in retaining the attorneys of record to bring the action, that after issue joined he undertook to place the case on the calendar, but that a fire broke out in his offices, and, owing to the fact that the papers had been destroyed, he had no means of knowing that the case was not on the calendar, and only learned that it was not when the papers in the motion to dismiss were served, presented no excuse for the delay, nor defense to the motion.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

2. Dismissal and Nonsuit (§ 60*)—Want of Prosecution—Subsequent Dil-
　igence.

　　Where the moving papers on a motion to dismiss for want of prosecu-
　tion show a prima facie case of failure to prosecute with due diligence,
　and a satisfactory excuse is not presented, the motion should be granted,
　notwithstanding plaintiff's diligence after service of the notice of motion
　to dismiss.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§
　140–152; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

Action by Lazarus P. Holtzoff, as administrator, etc., of Victor
Newman, deceased, against the Dodge & Olcott Company. From an
order denying defendant's motion to dismiss the complaint for want
of prosecution, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-
TON, and SCOTT, JJ.

Edward P. Mowton, for appellant.
Simon O. Pollock, for respondent.

LAUGHLIN, J. This is an action, predicated on a statute of the
state of New Jersey, to recover for the death of Victor Newman, who
met his death on the 18th day of June, 1905, while in the employ of the
defendant, by an explosion of chemicals. The summons in the action
was served on the defendant on the 15th day of June, 1906. The
plaintiff obtained eight extensions of time within which to serve the
complaint, and was at one time in default, but finally served it on the
20th day of November, 1906. Issue was joined on the 7th day of
December thereafter. On the 28th day of December, 1906, the plaintiff
obtained an extension of 10 days within which to serve an amended
complaint; but no amended complaint was served, and no further ex-
tension therefor was obtained. The plaintiff has neither noticed the
case for trial nor filed a note of issue. Issues of August 1, 1907, in
causes not preferred, have been reached for trial in the regular order.
Upon these facts the motion for a dismissal of the complaint was made.

No affidavit was presented by the administrator, or by either of his
attorneys of record, in opposition to the motion. The only opposition
to the motion was based on the affidavit of an attorney and counselor,
who therein states that he represented the plaintiff in retaining Messrs.
Cantwell & Moore, the attorneys of record, to bring this action, and
that after issue was joined "he undertook to place the case on the
calendar, and for that purpose received the papers from" the attor-
neys of record, and "thereupon instructed one of his clerks to place
same on the calendar"; that at this time a fire broke out in his offices,
"and a great many papers were destroyed"; that, owing to the fact
that he was not the attorney of record, no record of the case was kept
in his office, "and owing to the fact that the papers were destroyed,
as he has now learned, deponent had no means of knowing that the
case was not put on the calendar, and was always under the impression
that the case was put on the calendar, and so were Cantwell & Moore
for the reasons aforestated, and deponent had only learned of said

fact when the papers on this motion were served, and as soon as he learned of said fact he placed the case on the calendar this day, and therefore asks this court to deny this motion"; that an amended complaint was not served for the reason that, upon consultation, it was not deemed necessary.

These facts, offered in explanation of the presumptive failure of the plaintiff to prosecute this action with due diligence, arising from the fact that junior issues have been reached on the regular call of the calendar, are wholly insufficient, and constitute no excuse whatsoever. No one, having any responsible connection with the litigation, presents an affidavit. There is nothing to show that the plaintiff intends, or even desires, to prosecute the action. The motion was returnable on the 25th day of May, 1909, nearly 2½ years after the action was at issue, and it appears without controversy that during the interim no attention was given to the action until after the service of the motion papers for a dismissal of the complaint. We have repeatedly declared the rule that where the moving papers on such a motion show a prima facie case of failure to prosecute the action with due diligence, and a satisfactory excuse for such failure is not presented, the motion should be granted, notwithstanding the fact that the plaintiff has been stirred to activity by the notice of motion, for subsequent diligence is no excuse for past negligence. Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; Anderson v. Hedden & Sons, 116 App. Div. 231, 101 N. Y. Supp. 585; Mladinich v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46; Fisher Malting Co. v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 37; McGrath, Adm'x, v. Murtha & Schmohl Co., 128 App. Div. 278, 112 N. Y. Supp. 679.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(134 App. Div. 356.)

### BIER v. ROEBLING CONST. CO.

(Supreme Court, Appellate Division, First Department.    October 22, 1909.)

COURTS (§ 91*)—PRIOR DECISIONS—STARE DECISIS.

> Where, in a prior action for death of a contractor's servant by the collapse of a building, the Appellate Division and the Court of Appeals had both held against defendant's contention that it was an independent contractor and not responsible for the plans, and not liable for the erection and maintenance of a nuisance, such decisions were binding on the trial court in a subsequent action for death of another employé in the same catastrophe, in which the facts proved were the same as in the former case, except for additional evidence showing the faults in the plans on which the building had been constructed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

Appeal from Trial Term, New York County.