# METZGER *v.* METZGER.

PLEADING; APPEAL AND ERROR; BILL OF EXCEPTIONS; VERDICT; REFORMATION OF; INTEREST.

1. Partial payment may be proved under a plea of the general issue.
2. In the absence of a bill of exceptions from the record on appeal in an action at law, the appellate court will assume that the verdict was in accordance with the evidence.
3. A memorandum by the trial court contained in the record on appeal, showing why he granted a motion to enter a judgment on a verdict contrary to the finding of the jury, is not the equivalent of a bill of exceptions.
3. Where, in an action on promissory notes, in which the defendant has filed pleas of the general issue and the statute of limitations, the jury returns a verdict for the amount of the notes, without interest, although the notes bear interest, the trial court has no right to reform the verdict so as to include interest, and direct the entry of a judgment on the verdict as reformed. (Construing D. C. Code, sec. 1184 [31 Stat. at L. 1378, chap. 854], providing that, in an action to recover a liquidated debt bearing interest, judgment for the plaintiff shall include interest.)

No. 2126. Submitted May 23, 1910. Decided June 1, 1910.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia reforming a verdict for the plaintiff for the principal of the debt sued upon, by adding interest, and directing the entry of a judgment on the verdict as reformed, and from the judgment as so entered.

*Reversed.*

The COURT in the opinion stated the facts as follows:

In this action plaintiff, Millard Metzger, declared upon two promissory notes with interest thereon, and upon the common counts in assumpsit.

To each count of the declaration the defendant, Percy Metzger, pleaded the general issue, *nil debet,* and the statute of limitations. Trial was by jury, and the verdict, according to the finding of the jury, was "in favor of the plaintiff, and that the money payable to him by the defendant by reason of the premises is twenty-five hundred dollars ($2,500), and costs." Thereupon the plaintiff, by his attorney, moved the court to instruct the clerk to enter a judgment for the sum of $2,500, "with interest at the rate of 6 per centum per annum, the rate named in the notes involved, as provided in sec. 1184 of the Code [31 Stat. at L. 1378, chap. 854]." The court granted plaintiff's motion, and allowed interest at the rate of 6 per centum per annum from the 27th day of September, 1897. The defendant appealed.

The plaintiff, appellee here, has filed a remittitur to "that portion of the judgment of the court below which represents interest on the principal debt from September 27th, 1897, to September 27th, 1900, and concedes that the judgment may be modified so as to make the principal debt of $2,500 found by the verdict bear interest only from September 27th, 1900." This remittitur was filed upon the theory that the recovery of the interest remitted was barred by the statute of limitations.

*Mr. Percy Metzger,* the appellant, appeared in proper person, and with him was *Mr. Victor H. Wallace.*

*Mr. H. B. Moulton* and *Mr. W. W. Millan* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The sole question before this court is the applicability of said sec. 1184 of the Code [31 Stat. at L. 1378, chap. 854] to this case. That section reads as follows:

"Judgment for liquidated debts. In an action in the supreme court of the District to recover a liquidated debt on which interest is payable by contract or by law or usage, the judgment for the plaintiff shall include interest on the princi-

pal debt from the time when it was due and payable at the rate fixed by the .contract, if any, until paid." It is contended by appellant that, if the provisions of this section are made to apply to this case, the provision in the 7th Amendment to the Federal Constitution, guaranteeing the right of trial by jury in suits at common law where the value in controversy exceeds $20, will be violated. Appellee contends, on the other hand, that interest is a mere incident to the notes, and hence that the verdict sustaining the notes carries the interest as a matter of course.

At common law partial payment may be proved under a plea of general issue. We know of no statute or rule of court to the contrary in this District. In the absence of a bill of exceptions containing the evidence introduced at the trial, we are bound to assume that the verdict of the jury was in accordance with the evidence.

The record contains a memorandum, apparently made by the learned trial justice, in the following words: "No question having been made by either the pleading or evidence, about part payment of principal or interest, it seems to me sec. 1184 requires the granting of this motion. So ordered." It is insisted in behalf of appellee that this memorandum is equivalent to a bill of exceptions. We do not think so. It is the function of the jury to determine questions of fact, and the jury, under pleadings admitting proof of partial payment, including, of course, payment of interest, has rendered a verdict which in effect is equivalent to a finding that such evidence was introduced. The court had no more authority to change the verdict of the jury in this case than it would have had, had the verdict been for $1,500 instead of for $2,500. In the assumed case the verdict of the jury, in the absence of a motion to reconsider said verdict, or have it set aside, would have constituted the measure of plaintiff's right of recovery. The court would have had no more authority in that case than in this, to have revised the finding of the jury, by entering a judgment in excess of the amount named in the verdict. It logically follows that the above finding of the court could not have the ef-

fect of clothing the court with a jurisdiction which it did not possess. · In other· words, the finding of the court to the effect that the verdict of the jury was erroneous because of the failure to include interest did not authorize the court to usurp the functions of the jury, and reform its findings. In such a situation the plaintiff should have asked the court to direct the jury to reconsider its verdict, or have asked to have the verdict set aside. Failing to do either, the verdict became conclusive of the questions litigated. We do not mean by this to rule that, in a case where no question is made by either the pleadings or evidence as to the payment of interest, the court would not be authorized, under the provisions of said sec. 1184, to direct the assessment of interest. In such a situation the finding of the jury would, under the statute, automatically carry interest.

The judgment must be reversed, with costs, and the cause remanded with directions to enter a judgment in accordance with the verdict of the jury.                    *Reversed.*