(82 Misc. Rep. 396.)

### DIAMOND v. KAUFMANN et al.

(Supreme Court, Appellate Term, First Department. October 23, 1913.)

DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION.

> Where issue was joined in May, 1911, and thereafter no steps were taken to prosecute the action, until defendant moved to dismiss on July 18, 1913, it should be dismissed, though an affidavit was presented of an attorney "associated with" plaintiff's attorney that he believed that notice of trial had been served and note of issue filed until he was served with the motion papers.
>
> [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeal from City Court of New York, Special Term.

Action by Daniel Diamond against William Kaufmann, impleaded, etc. From an order denying his motion to dismiss the action for want of prosecution, defendant appeals. Reversed, and motion granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Bernard H. Arnold, of New York City, for appellant.
Timothy A. Leary, of New York City, for respondent.

SEABURY, J. The defendant appeals from an order denying his motion to dismiss the action for want of prosecution. The action was commenced in May, 1911, and issue was joined in that month. On February 9, 1912, a new attorney was substituted for the former attorney of the plaintiff. From the date of joining issue until July 18, 1913, when the defendant made the motion to dismiss, no step to prosecute the action was taken by the plaintiff, and younger issues had in the meantime been tried.

In opposition to the motion an affidavit was presented of an attorney "associated with" the plaintiff's attorney, to the effect that he "believed that the notice of trial had been served and note of issue filed, and the first intimation that defendant had that these matters of procedure had not been attended to was the receipt of the motion papers." The court characterized the plaintiff's excuse as a "lame one," but denied the motion simply upon condition "that the cause be immediately placed on the calendar." The defendant made out a clear case entitling him to have the action dismissed. Anderson v. Hedden & Sons Co., 116 App. Div. 231, 101 N. Y. Supp. 585; Pociunas v.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

American Sugar Refining Co., 74 Misc. Rep. 407, 132 N. Y. Supp. 395; Holtzoff v. Dodge, etc., 134 App. Div. 353, 119 N. Y. Supp. 47.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.