MOSES HAUBEN, Respondent, *v.* HUDSON AND MANHAT-
TAN RAILROAD COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, November,
1916.)

False imprisonment — action for — City Court of city of New York —
trial — when service of notice of trial after motion to dismiss can-
not avail plaintiff.

> Where in an action brought in the City Court of the city
> of New York for false imprisonment issue was joined on the
> sixth day after service of the summons and complaint, but no
> note of issue was filed nor notice of trial served until after a
> motion to dismiss the action for lack of prosecution, at a time
> when earlier issues had been heard and disposed of, the fact
> that plaintiff's attorney in moving his office had mislaid the
> papers was not a legal excuse and an order denying the motion
> to dismiss will be reversed and the motion granted.
>
> Service of notice of trial by plaintiff's attorney after the
> motion to dismiss had been made could not avail plaintiff.

APPEAL from an order of the City Court of the city
of New York denying defendant's motion to dismiss
the action for want of prosecution.

Janover, Frankel & Janover (Chester E. Frankel,
of counsel), for appellant.

Benjamin Berger, for respondent.

WHITAKER, J. The above action was for false
imprisonment. The summons and complaint were
served upon the defendant on the 20th day of Feb-
ruary, 1916. Thereafter issue was joined on February
26, 1916, by the service of the answer which was a gen-
eral denial. No note of issue has ever been filed and no
notice of trial was served until after the defendant

made the present motion. Defendant noticed the motion for dismissal for the 8th day of June, 1916, at which time younger issues had been heard and disposed of. The court denied the motion without opinion.

The excuse alleged by the plaintiff for non-prosecution is that plaintiff's counsel in moving his office mislaid the papers. This was not a legal excuse.

The service of notice of trial by plaintiff's attorney after the motion to dismiss had been made was of no avail to the plaintiff. *Holtzoff* v. *Dodge & Olcott Co.*, 134 App. Div. 353.

The rule requiring reasonable diligence upon the part of plaintiffs in prosecuting actions brought by them is a salutary one and should be enforced unless a proper excuse is shown.

Order reversed, with ten dollars costs, and motion granted, with ten dollars costs.

Lehman and Finch, JJ., concur.

Order reversed, with costs.