**NEEL, Insurance Commissioner of Pennsylvania, v. BARBRA.**

**SAME v. DAVIS.**

**SAME v. GUSTIN.**

**SAME v. WARREN.**

Nos. 8296–8299.

United States Court of Appeals for the District of Columbia.

Argued May 5, 1943.

Decided May 29, 1943.

Mr. James M. Earnest, of Washington, D. C., with whom Messrs. W. Gwynn Gardiner and Ralph P. Dunn, both of Washington, D. C., were on the brief, for appellant in each case.

Mr. Leroy A. Brill, of Washington, D. C., with whom Mr. Mark P. Friedlander, of Washington, D. C., was on the brief, for appellee in No. 8296.

Mr. Thomas X. Dunn, of Washington, D. C., for appellees in Nos. 8297-8-9.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

These are consolidated appeals from orders dismissing four suits for want of diligence in prosecution. The suits were brought by the Insurance Commissioner of the Commonwealth of Pennsylvania, acting as liquidator of the Keystone Indemnity Exchange, to collect assessments from subscribers and policyholders. Because the order of the Supreme Court of Pennsylvania which authorized these proceedings did not become final until March, 1940, it was necessary for the Commissioner to bring approximately 7,500 suits in a number of states between that date and September 12, 1941, in order to avoid the Statute of Limitations.

The alleged lack of diligence was based on the fact that these suits were brought in February, March and April, 1941, and no further action was taken in any of them for over a year after the suits were filed. Erroneous addresses prevented earlier service of process. Alias summonses were served from thirteen to fifteen months after the suits were filed.

In order to rebut the inference of lack of diligence created by this record the appellant offered evidence as to the steps taken by him as Insurance Commissioner to find the party defendants in various jurisdictions and to bring the cases to trial. Briefly, those steps were the securing

of credit reports, the securing of information as to the location of the residences of these defendants, the commencement of the suits, and the trial of a test case necessary to clarify the right to sue in the District of Columbia. Had this evidence been received it might have established the fact that the Insurance Commissioner, under the circumstances, was proceeding with all the diligence possible for a competent administrative officer with efficient counsel.

Appellees argue that proof of diligence by the Insurance Commissioner in prosecuting the large number of suits necessary for the liquidation of the corporation has no bearing on whether diligence has been used in any particular suit which is part of that liquidation. Nothing in the former decisions of this court justifies such an artificial rule. In a liquidation proceeding where a large number of suits involve the same question the prosecution of one as a test case while the others are kept pending may well be a method which saves the litigants time and trouble, and speeds rather than delays the proceeding. The question of due diligence in prosecuting a suit is "a question of fact to be shown to the court by proper proof." Parsons v. Hill, 1900, 15 App.D.C. 532, 551. Where lack of diligence is established by proper proof, an order dismissing a case will be sustained unless there has been an abuse of discretion by the trial court. Barger v. Baltimore & O. R. Co., 1942, 75 U.S.App.D.C. 367, 130 F.2d 401. Nevertheless, the court must hear all testimony relevant to the question of whether due diligence was actually used, in order properly to exercise its discretion. It was error, therefore, to exclude testimony that a liquidator of a corporation was using every effort to push claims in favor of the estate to a conclusion as rapidly as possible under the circumstances.

The orders in all four cases are therefore reversed and the causes remanded for further proceedings according to this opinion.

Reversed and remanded.