## UNITED STATES ex rel. SHINN v. STATE OF TENNESSEE et al.

### Civ. No. 922.

District Court, E. D. Tennessee, N. D.

Oct. 20, 1947.

James J. Laughlin and Charles H. Flasphaler, both of Washington, D. C., and Quentin Householder and Ben Kohler, Jr., both of Knoxville, Tenn., for plaintiff.

Roy H. Beeler and William W. Berry, both of Nashville, Tenn., for State of Tennessee.

William Waller, of Nashville, Tenn., for Standard Oil Co.

William Hume, of Nashville, Tenn., for Gulf Refining Co.

TAYLOR, District Judge.

This is an action under the federal informer statute, 31 U.S.C.A. §§ 231–235, commenced by Frederick W. Shinn, the qui tam plaintiff, against the State of Tennes-

see, Standard Oil Company of New Jersey, Gulf Oil Corporation, Gulf Refining Company, and Standard Oil Company of Louisiana, the complaint charging the defendants with conspiracy to present false claims to the Treasurer of the United States and with presentation of such false claims by each of them, knowing them to be false and fraudulent, and by means of which the defendants have received from the Treasury of the United States the sum of approximately $512,887.70, the medium of the alleged fraud being the sale with state tax attached of gasoline and motor fuel to the Armed Forces of the United States located in the State of Tennessee from October 1, 1943, through October 31, 1944. Plaintiff asks for judgment for $2,000 penalty, for attorney fees, and for double the amount of damages sustained by the United States of America by reason of the alleged fraudulent claims, the total amount demanded being over one million dollars.

The State of Tennessee has appeared specially and moved that the suit be dismissed as to it, on the grounds that it has not consented to be sued, that the State cannot be sued by a private individual without its permission, that if the suit is by the United States the venue is in the Supreme Court, and that the informer statute is not applicable to a sovereign state.

Gulf Oil Corporation has appeared specially and moved that the summons purportedly served upon it be quashed and the suit dismissed as to it, on the ground that it is a foreign corporation, is not doing business in Tennessee, and the person on whom process was served is not an employee or agent of Gulf Oil Corporation and was not authorized to accept service on its behalf.

Standard Oil Company of New Jersey, with which it claims that Standard Oil Company of Louisiana has merged, has filed a motion for more definite statement, or for bill of particulars, and for temporary stay of proceedings, and a similar motion has been filed by Gulf Refining Company.

Other than a hearing March 18, 1947, no action has been taken by the Court on these motions. In the course of that hearing, attention of the Court was called to non-compliance by complainant with certain requirements of the statute, whereupon an order requiring compliance was entered March 24, 1947. The relevant portion of that order is as follows: "And it appearing to the Court, upon inquiry of counsel present, that the qui tam plaintiff had not served upon the United States Attorney for the Eastern District of Tennessee a copy of the bill of complaint and that there was a question as to whether or not the qui tam plaintiff had sent the Attorney-General of the United States a disclosure in writing of substantially all evidence and information in his possession material to the effective prosecution of the suit, as required by statute in cases brought by informers, it is accordingly ordered by the Court that, within thirty days from March 18, 1947, the qui tam plaintiff file evidence of compliance with said statutory requirements, and that otherwise the Court will entertain a motion to dismiss this suit, for failure to fulfill said requirements; and it is further ordered that unless and until otherwise ordered by the Court, all other and further proceedings be and are hereby stayed until the United States has entered appearance or declined in writing to enter appearance in this suit, or if it does neither, then until the expiration of a period of sixty days following the date on which the qui tam plaintiff files evidence of his compliance with the aforesaid statutory requirements."

To date no evidence of compliance has been filed, as required by the quoted portion of the Court's order, and the United States has not intervened. More than 200 days have elapsed since the order was entered, and the record leaves the Court unadvised as to whether the required disclosure of evidence has been made, and also as to what action, if any, may be expected of the United States as to intervention. Circumstances raise the inquiry as to whether the Court should entertain its own motion to dismiss the case.

Failure to prosecute a cause with diligence is a well recognized ground for dismissal. Colorado Eastern Ry. Co. v. Union Pac. Ry. Co., 8 Cir., 94 F. 312; Hicks v. Bekins Moving & Storage Co.,

9 Cir., 115 F.2d 406; Zielinski v. United States, 2 Cir., 120 F.2d 792, 793. In the last cited case, the court referred to a local Rule of Court which required notice ·to plaintiff before dismissal, and commented, "The necessity of notice in Rule 8 of the District Court Rules is a self-imposed judicial limitation. The court otherwise has inherent power to dismiss a cause for lack of prosecution without notice. Cage v. Cage, 5 Cir., 74 F.2d 377, 378; Des Moines Union R. Co. v. District Court of Polk County, 170 Iowa 568, 153 N.W. 217."

Authorities are cited at length in the case of Hicks v. Bekins Moving & Storage Co., supra, from which the following informative quotation is taken [115 F.2d 408]: "Mr. George Longsdorf, in his Cyclopedia of Federal Procedure, vol. 5, § 1506, p. 80, says that: 'It is the settled rule in the federal courts that an action at law may be dismissed for want of prosecution or other delay fatal to the continuance of the action. Dismissal on such ground is discretionary with the courts, and within their inherent power, independent of statute or rule. In many of the districts, however, the matter is regulated by local rules, or general or standing orders applying to all cases in which no action has been taken for a specified period.' The same thought is expressed in 18 C.J. § 110, pp. 1191, 1192; and in 17 Am.Jur. § 57, p. 88. Blackstone recognized the right of a court to enter a non-prosequitur in the event of failure of the plaintiff to prosecute his action (Blackstone Comm., Book III, ch. 20, p. 296, ch. 27, p. 451), as does Black on Judgments, 2d Ed., vol. II, Sec. 702, p. 1057, and Freeman on Judgments, 5th Ed., vol. 1, § 9, p. 16, vol. 2, § 9, p. 16, vol. 2, § 751, p. 1579."

■ Referring to a Rule of Court of the District Court of the United States for the District of Colorado which provided for dismissal for want of prosecution, the court further said in the Hicks case, "An appeal followed, and the Circuit Court of Appeals for the Eighth Circuit said: 'This is a very proper rule, but in the absence of such a rule, every court has the power to dismiss a cause for want of prosecution. It is a matter of judicial discretion, and

is frequently exercised.' Colorado Eastern Ry. Co. v. Union Pac. Ry. Co., 8 Cir., 94 F. 312, 313. * * * This power to dismiss for want of prosecution may be exercised by the court of its own motion, though no action to secure such result be taken by the defendant. Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176, 3 S.Ct. 570, 28 L.Ed. 109; Dillon v. United States, 9 Cir., 29 F.2d 246; Taylor v. Southern Ry. Co., D.C.Ill., 6 F.Supp. 259. Moreover, an order of dismissal may be granted, notwithstanding the plaintiff has been stirred into action by the impending dismissal, for subsequent diligence is no excuse for past negligence. Holtzoff v. Dodge & Olcott Co., 134 App.Div. 353, 119 N.Y.S. 47, 49. Cf. Buck v. Felder, D.C. Tenn., 208 F. 474, 477."

Rule 41 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723b, recognizes the power of the court to dismiss on grounds other than those specified in the Rule, for it uses the words, "any dismissal not provided for in this rule." In Carnegie Nat. Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569, 572, the court said: "We have referred to the fact that Rule 41 of the Federal Rules of Civil Procedure does not specifically provide that a court may dismiss for want of prosecution, but that it does not limit the power of a court to dismiss to those instances enumerated because it suggests that there might be dismissals not provided therein."

■ Though courts are generously forbearant of delays and notably reluctant to dismiss for lack of prosecution, circumstances may overcome both forbearance and reluctance. Lack of prosecution is a relative term, seriousness of the fault being measured to a large extent by the duty of a plaintiff to exercise diligence. Here the defendants have been charged with conspiracy to defraud the United States by presentation of false claims. Such a charge, though it should prove to be groundless, hangs a cloud of infamy over the accused. The offense, if proved against a sovereign state, would be particularly abhorrent. So long as the charge is pending, it points a finger of opprobrium at the accused, and the situation remains

fraught with possibility of immense harm, despite the principle that a defendant is presumed innocent until proved guilty. Such a grave charge as is here presented should be prosecuted with dispatch, or dismissed in the absence of impressive reason for delay.

■ The informer statute itself contemplates diligence as a condition to maintenance of standing as a litigant. Section 232(C) provides: "Whenever any such suit shall be brought by any person under clause (B) notice of the pendency of such suit shall be given to the United States by serving upon the United States attorney for the district in which such suit shall have been brought a copy of the bill of complaint and by sending, by registered mail, to the Attorney General of the United States at Washington, District of Columbia, a copy of such bill together with a disclosure in writing of substantially all evidence and information in his possession material to the effective prosecution of such suit. The United States shall have sixty days, after service as above provided, within which to enter appearance in such suit. If the United States shall fail, or decline in writing to the court, during said period of sixty days to enter any such suit such person may carry on such suit. * * *"

■ Though no time limit is stated within which the qui tam plaintiff shall give the notices and make the disclosure set out in the statute, it is reasonable to assume an intention, in the light of customary procedure in the district courts, that notice and disclosure should be simultaneous, or nearly simultaneous, with the filing of the complaint. Narrow construction of the informer statute has been a prevailing rule until recently, and qui tam plaintiffs have been held to strict compliance with its terms. United States ex rel. Brensilber et al. v. Bausch & Lomb Optical Co. et al., 2 Cir., 131 F.2d 545; United States ex rel. Marcus v. Hess, 3 Cir., 127 F.2d 233. The rule of "utmost strictness" applied in the last named case was repudiated by the Supreme Court in favor of that of the fair intendment of the statute. United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443. Even so, it could hardly be within the fair intendment of the statute that the qui tam plaintiff should be allowed a longer time for compliance than the 60-day period given the United States in which to intervene. Certainly the qui tam plaintiff should not be allowed a longer time for compliance than the 60-day period given the United States in which to intervene.

■ The complaint was filed January 25, 1947. Up to the time of the hearing on motions March 18, 1947, nothing appeared to show compliance with the statutory requirements. The necessity for compliance was brought to the qui tam plaintiff's notice by the court order entered March 25, 1947, requiring him within 30 days from March 18 to furnish evidence of compliance. Since the filing of the complaint more than 260 days have passed. The qui tam plaintiff has disregarded both the requirements of the statute and the order of the Court, and has entered into silent, if not contumacious, inactivity with respect to both. There has been no request for an extension of time, nor any explanation for delay, nor proffered excuse for non-compliance.

It is further provided in Section 232(C): "The court shall have no jurisdiction to proceed with any such suit brought under Clause (B) or pending suit brought under this section whenever it shall be made to appear that such suit was based upon evidence or information in the possession of the United States, or any agency, officer or employee thereof, at the time such suit was brought." In view of this provision, the Court cannot be sure that it has jurisdiction to proceed. Until the qui tam plaintiff has made the required disclosure, the Court's jurisdiction is necessarily conditional. From the present condition of the record, the Court is unable to say whether the qui tam plaintiff obtained his information as an independent and private investigator, or whether he obtained it while an agent, officer, or employee of the United States, or what his status was at the time his complaint was filed. Meanwhile the Court is left in uncertainty as to its ultimate jurisdiction, and the defendants are

denied an opportunity to exonerate themselves from the odious charges that have been brought against them. This state of affairs could become intolerable and apparently would so become if the Court lacked the power to put an end to it.

An order will be entered, dismissing the suit, at costs of the qui tam plaintiff.