SLATER v. CANNON.

Nos. 1269, 1270.

Municipal Court of Appeals
District of Columbia.

Argued Nov. 10, 1952.

Decided Dec. 4, 1952.

John W. Slater, Jr., pro se.

Herbert S. French, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A plaintiff has appealed and defendant has cross-appealed from a judgment in a suit on a promissory note. The record presented to us is so strikingly incomplete that we cannot do other than affirm on both appeals.

The suit below was on a note; trial was without a jury and resulted in finding and judgment for plaintiff for $1200 with interest from the date of the finding, and without costs. Plaintiff appealed from the failure to include interest from the date of the note, attorney's fees and costs in the judgment awarded him. Defendant cross-appealed, contending that it was error to deny his motion to dismiss for failure to prosecute, and error to rule that plaintiff's claim was not barred by limitations. If the cross-appellant is correct in either of these contentions we would be required to reverse and order a dismissal of plaintiff's claim. We will therefore first consider the cross-appeal.

In the trial court defendant raised the defense of failure to prosecute and the defense of limitations by a motion to dismiss, and also at the trial, and both times the defenses were rejected.

On the same day that plaintiff noted his appeal defendant filed a notice of cross-appeal. He followed this by a designation of record and statement of errors. He also filed a proposed statement of proceedings and evidence but this the trial judge declined to approve. The trial judge has included in the record an "Additional Statement" setting out some of the happenings at the trial and directing that the file jacket of the trial court be transmitted to this court pursuant to our Rule 32(a). But over his official signature the judge has stated that "the papers attached hereto, namely: Statement of Proceedings and Evidence, Additional Statement are forwarded without the trial judge's certification." Thus, because of inaction of the parties, we are confined to a consideration of the files of the trial court and that which is officially a

part of the transcript of record before us.[1] This includes the affidavits submitted by both parties to the motions judge but does not include any testimony which may have been produced at the trial on the merits.

■ Rule 41(b) of the Municipal Court provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action * * *." In promulgating that rule the Municipal Court was merely affirming its undoubted inherent power, such as every court has independently of rule or statute, to entertain a motion to dismiss a case when plaintiff fails to prosecute it.[2] And the decisions have made it clear that action on such motions will not be disturbed except for an abuse of discretion. See, in general, Neel v. Barbra, 78 U.S.App.D.C. 13, 136 F.2d 269; Field v. American-West African Line, 2 Cir., 154 F.2d 652; Sweeney v. Anderson, 10 Cir., 129 F.2d 756; Refior v. Lansing Drop Forge Co., 6 Cir., 124 F.2d 440, certiorari denied, 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406; United States ex rel. Shinn v. State of Tennessee, D.C. E.D.Tenn., 74 F.Supp. 635; annotation, 167 A.L.R. 1058.[3]

The record shows that the complaint was filed and summons issued in October, 1945. This was not served and alias (renewal) summons' were caused to be issued by plaintiff in September, 1946; November, 1948; April, 1949; and lastly in March, 1951. This, defendant contended, showed such a lack of diligence on the part of plaintiff as to require a dismissal.

■ Opposing the motion to dismiss plaintiff contended that he had been diligent in attempting to serve defendant, and he filed affidavits tending to sustain his position. Defendant filed a controverting affidavit. No purpose would be served in detailing the conflicting statements in the affidavits. It is sufficient to say that they presented an issue of fact and that differing inferences could have been drawn as to defendant's availability for service of process and plaintiff's diligence in effecting such service. If any oral testimony was taken on the subject, it has not been made available to us. We have no basis on which we could properly rule that there was an abuse of discretion in the ruling as to failure to prosecute.

On the unfortunate state of the record before us we can deal with no greater assurance with defendant's plea of limitations.[4] That plea has essentially the same basis as the motion to dismiss for failure to prosecute: the protection of defendants from having to defend against stale claims. Defendant says the mere filing of a complaint will not toll the statute unless there is a bona fide intent to prosecute the suit diligently and no unreasonable delay in the issuance or service of process. He cites Maier v. Independent Taxi Owner's Ass'n, 68 App.D.C. 307, 96 F.2d 579, 581. But there in an opinion by Groner, C. J., it was stated that to toll the operation of the statute, "no more is ever required than the filing of a declaration or complaint and the issuance of a summons within the statutory period, provided this is followed by diligence in the service of the summons and the prosecution of the suit." On the basis

1. See our Rule 25(a); District Hauling & Construction Co. v. Argerakis, D.C.Mun. App., 34 A.2d 31.

2. Boyle Bros. v. Holt, D.C.Mun.App., 83 A.2d 666.

3. The same rule has quite recently been followed in a criminal case, United States v. McWilliams, 82 U.S.App.D.C. 259, 163 F.2d 695.

4. Plaintiff relies on Code 1951, § 12–201, which erects a three-year bar against actions on simple contracts such as a note.

Plaintiff says the note bore the legend "[SEAL]" after the signature and hence was an instrument under seal and was not barred for twelve years under the same Code section. Defendant counters by saying that the seal portion was X'd out. But though the note was presumably surrendered to the court for cancellation when it became merged in the judgment, the note is not in the trial court file and there is confusion (if not indeed some mystery) as to its whereabouts.

of the record before us we cannot say that such test was not met in this case.

We turn to plaintiff's appeal. He contends that the trial judge erred in refusing to allow interest and attorney's fee provided for in the note. The judgment was entered June 6, 1952, and plaintiff filed timely notice of appeal on June 16, 1952. He sought at our hands and was granted an extension to July 16, 1952 for filing a designation of record and a statement of errors, and an extension of time to July 21, 1952 for filing a statement of proceedings and evidence or reporter's transcript or agreed statement on appeal. But he has never filed any of these papers to perfect his appeal. In oral argument he said he did not file a statement of proceedings and evidence because he was content with those of the cross-appellant and the trial judge. But what we said about those in discussing the cross-appeal is of course true with respect to plaintiff's appeal—since they were not approved by the trial court they cannot now be considered.[5] Actually, of course, appellant subjected himself to a motion to docket and dismiss because of failure to complete his appeal.[6]

■ The pleadings reveal that plaintiff alleged, and defendant denied, that defendant had refused to make any payments on the balance due under the note. Another of the defenses was that there was a want of consideration for the note. Thus under the pleadings defendant could have shown that his liability, if any, was not in truth as great as the face amount of the note, and the trial judge could have found (assuming he had sufficient evidence to support him) for that or some lesser amount—and might have included the item of interest in making up his computation.

In these circumstances the law in this jurisdiction is clear. "It is the function of the jury [in this case the trial judge] to determine questions of fact, and the [trial judge] under pleadings admitting proof of partial payment, including, of course, payment of interest, has rendered a [trial finding] which in effect is equivalent to a finding that such evidence was introduced." Metzger v. Metzger, 35 App.D.C. 389. Therefore we cannot say that the finding of the trial judge was contrary to the evidence and should have been for a greater amount—particularly since there is no evidence before us against which we can test the legal correctness of the ruling. It is impossible for this court to rule as a matter of law that error was committed in computing the finding when the record is devoid of evidence, or specific rulings or findings upon which error might be predicated.[7]

■ Dealing specifically with the matter of attorney's fee, we note that plaintiff is himself a lawyer, and prosecuted the suit in his own behalf. This, without more, would seem to dispose of that part of his claim. For as the late Chief Judge Richardson said, in the first case decided by this court, provisions for attorneys' fees "are sustained only as an indemnity for the reasonable fees necessarily and properly paid or incurred." United States v. Reed, D.C.Mun.App., 31 A.2d 673, 675. Obviously plaintiff neither paid nor incurred any attorney's fees.

■ Now, as to the matter of denial of costs. Municipal Court Civil Rule 54(d) provides: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party. * * *" This is unlike the corresponding Federal Civil Rule 54(d) which, in addition to the language quoted from the Municipal Court rule, contains the following: "unless the court otherwise directs." Under the Federal Rule a trial court has some discretion in the matter. See Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 176 F.2d 1, certiorari denied, 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584. But the Municipal Court rule does not permit any discretion, and prescribes that costs "shall be allowed

---

5. See our Rules 19 and 20.

6. See our Rule 33. See District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31.

7. Code 1951, § 11–772(c); Metzger v. Metzger, 35 App.D.C. 389; see also Wilkins v. Woodruff, D.C.Mun.App., 74 A.2d 59.

as of course to the prevailing party"—in this case the plaintiff. The rule may be unwise and unduly restrictive; but we perceive no reason for holding it unreasonable as a matter of law. Hence, applying the rule as we find it, we think the judgment should be made to conform to the rule by modifying it to include an award of costs against defendant. With that modification we order the judgment affirmed.

■ In what we have said earlier we have no wish to seem unduly critical of counsel. It may be that in the confusion of the two appeals, sight may have been lost of the consequences of an incomplete record. But we have more than once stressed the duty and responsibility of an appealing party to bring up a record which will fully tell the story of what happened in the trial court. James v. Greenberg, D. C.Mun.App., 55 A.2d 727, and cases there cited; Hoover v. Babcock, D.C.Mun.App., 53 A.2d 591; Mitchell v. Ralph D. Cohn, Inc., D.C.Mun.App., 52 A.2d 631. And we have been at pains to warn that an appellant has the burden of affirmatively establishing error. Compton v. Atwell, D.C. Mun.App., 86 A.2d 623; Bahlke v. Byram, D.C.Mun.App., 78 A.2d 384. For failure to discharge such burden, these two appellants, plaintiff as well as defendant, have no standing in their demands for reversal.

Judgment modified so as to include award of costs to plaintiff; so modified, judgment affirmed.