RISS & COMPANY, Inc., Plaintiff,

v.

ASSOCIATION OF AMERICAN RAIL-
ROADS et al., Defendants.

Civ. A. No. 4056-54.

United States District Court
District of Columbia.

Oct. 1, 1962.

See also 190 F.Supp. 10.

A. Alvis Layne, Lester M. Bridgeman, Washington, D. C., for plaintiff Riss & Co., Inc.

Stuart S. Ball, Richard J. Flynn, Chicago, Ill., for defendant Assn. of Western Railways.

James H. McGlothlin, Paul F. McArdle, Washington, D. C., for defendants Carl Byoir & Associates, Inc., Eastern RR Presidents Conference, Traffic Executives Assn.-Eastern Railroads and The Pennsylvania RR Co.

SIRICA, District Judge.

■ Rule 54(d) Federal Rules of Civil Procedure, provides in part as follows:

*"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs * * *."* [Emphasis supplied]

§ 11–1517 of the D.C. Code provides in pertinent part as follows:

"If any person * * * shall * * sue in any court * * * wherein the plaintiff or defendant might have costs * * * or that any verdict happen to pass by any lawful trial against the plaintiff * * * then the defendant * * * shall have judgment to recover his costs against every such plaintiff * * * and that to be assessed and taxed by the discretion of the judge * * *."

The sharp issue therefor is whether § 11–1517 is a "statute of the United States" under the provision of rule 54 (d), so as to deny discretion in the District of Columbia in the awarding of costs, or whether such provision is no longer controlling.

The Deputy Clerk of the District Court advises that for twenty-two years since the adoption of the Federal Rules, it has been the position of this office that the trial judge has discretion under the pro-

visions of rule 54(d), and that § 11–1517 has never been construed by his office to deny the trial court such discretion.

The following circumstances are also relevant as to whether § 11–1517 is controlling on this point.

In 1952 the rules of the Municipal Court of the District read as follows:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party * * *." (Mun. Ct.D.C. rule 54(d)—repealed)

In Slater v. Cannon, 93 A.2d 92–95 (Mun.Ct.App.D.C.1952), Judge Cayton, writing for a unanimous court, had occasion to consider the validity of this rule which did not give the court any discretion in the matter of costs. In considering a situation where the trial court had not awarded costs to a winning plaintiff, the Municipal Court of Appeals cited the Municipal Court rule and then stated: "This is unlike the corresponding Federal Civil Rule 54(d) which, in addition to the language quoted from the Municipal Court rule, contains the following: 'unless the court otherwise directs.' Under the Federal Rule a trial court has some discretion in the matter * * * But the Municipal Court rule does not permit any discretion. * * * The rule may be unwise and unduly restrictive; but we perceive no reason for holding it unreasonable as a matter of law." 93 A.2d at 95–96.

Taking a hint from Judge Cayton's opinion, the rules committee for Municipal Court revised their rules six months later to conform with the wording of F.R.Civ.P. rule 54(d) giving the court discretion. On June 22, 1953, the Rules of the Municipal Court, rule 54(d), were amended to include the words "unless the Court otherwise directs."

§ 11–1517 is based on a four hundred year old English statute, 23 Henry 8, ch. 15, § 1, 1513. Generally, the way this statute found its way into the D.C.Code is as follows: In 1801, an Enabling Act adopted as the laws for the newly-created District of Columbia, the then-existing law of the state of Maryland (which was of course derived from the English Common Law) and certain English statutes which were then in common usage. In 1901, a Congressional statute codified all the then existing law of the District and continued in effect this provision. Mr. Justice Cox headed this codification committee—the Code was divided into two parts, the first relating to the general laws and the second relating to laws applicable to the District of Columbia as such. Judge Cox, in an address to the District of Columbia Historical Society on December 5, 1898, stated in regard to these old English and Maryland and Virginia statutes:

"The old English statutes and some of the old Maryland statutes abound in antiquated English and redundant verbiage, which it was unnecessary to reenact, and many provisions in them are now inapplicable and obsolete by reason of changes in the practice of the Courts * * * but it was historically correct to print the entire statutes containing them."

I am advised by the Attorney-advisor to the Municipal Court of Appeals, who is a member of the present D.C.Code Revision Committee, that a search of the archives discloses no legislative history of the 1901 Codification which would be helpful in ascertaining the reason for leaving this provision in that codification other than the ones described in the excerpts from Judge Cox's speech (above).

The provisions of the proposed revision to the D.C.Code, which has not yet passed the Congress state:

"Sec. 19. The following British statutes, heretofore classified to Part II of the District of Columbia Code, 1951 edition * * * have no further force and effect in the District of Columbia:

* * * * *

(12) 23 Henry VIII (1531) Chapter 15, section 1 (D.C.Code 1951 ed. sec. 11–1517)"

The Report of the House Committee on the Judiciary, reporting on H.R. 8857 86th Cong. (the proposed revision) lists in table VI, § 11–1517 as one of the English statutes which are "omitted (from the revision) but not repealed." The reason for the omission is listed as "obsolete," referring to 28 U.S.C. § 1920 and F.R.Civ.P. rule 54(d). The reason why some of these British statutes are merely omitted from the proposed revision and not specifically repealed is "many of the British statutes set out in the 1951 compilation, and prior compilations, while they may have been considered as technically being in force in the District, not only are archaic in language but actually can have no present application in the District, or are obsolete." The statutes which are included in the table of omissions are not included in the proposed schedule of repeals "because it was discovered that they had already been repealed, or because they were based on British statutes which technically could not be repealed * * *." House Report on H.R. 8857 pp. 2–3.

Further the Codification Act of 1901, 31 Stat. 1189, contained a general repeal provision which stated that all British statutes in force in Maryland on February 27, 1801 were applicable in the District except insofar as the same are inconsistent with subsequent legislation by Congress.

Though "repeals by implication" are not favored, it appears evident that § 11–1517 has been repealed either by usage or implication in view of the many references to it as "obsolete" in the various reports and the fact that it has never been followed since the adoption of the Federal rules. Further, under the "catch-all" provision of the 1901 Act it would seem to be inapplicable since 1938 as inconsistent with subsequent legislation by Congress, i. e. rule 54(d) F.R.Civ.P.

The phrase "except when express provision therefor is made * * * in a statute of the United States" in rule 54(d) would seem to apply to statutes of general nation-wide application and not to a statute which has always been contained in part II of the D.C.Code which Judge Cox characterized in 1898 as relating to statutes "applicable to the District of Columbia as such."