# HOPP *v.* PICKFORD.

---

PRACTICE; ATTORNEY AND CLIENT; DISCONTINUANCE.

1. The negligence of an attorney in prosecuting an action will be attributed to the client, on a motion to vacate the writ and discontinue the cause.

2. The trial court properly discontinues an action at law on motion of the defendant for want of diligence in prosecuting it, where it appears that the original summons, issued upon the institution of the suit, was returned not served because the fee for service was not paid;

that, during the year and a half which elapsed before an alias summons was issued and served, the defendant was continuously in the jurisdiction, except for about one month, during which he was absent on his summer vacation; and that failure to serve the defendant was due to the negligence of the plaintiff's then attorney. (Distinguishing *Parsons* v. *Hill*, 15 App. D. C. 532.)

No. 1758. Submitted May 10, 1907. Decided June 4, 1907.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia granting a motion by the defendant in an action at law to vacate an alias summons and discontinuing the cause.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, Ferdinand Hopp, filed a declaration in the supreme court of the District on April 3, 1906, against Thomas H. Pickford, claiming damages for an unlawful arrest and malicious prosecution upon a charge of conspiracy. The summons issued on the same day was returned by the marshal on April 30, 1906, "Not served because marshal's fee not paid." Alias summons was issued October 27, 1907, and returned on the 29th as regularly served. Pickford appeared specially, and moved the court to vacate the alias summons and discontinue the cause on the following grounds: (1.) That said summons was improvidently issued; (2.) because of the lack of diligence in prosecuting the action, which thereby worked its discontinuance. It appeared by affidavit of Pickford that he was a resident of the District, and was therein from April 3, 1906, continuously, to July 12. That he was absent on his annual vacation from July 12 to August 28, and was thereafter in the District until served with summons. Plaintiff's affidavit was to the effect that he had deposited with his then attorney the amount of costs requested, and assumed that his case was being regularly prosecuted. That, when informed by his present attorneys, whom he had retained in another case, and requested to inquire into this, that summons had not been served on account of failure

to pay the marshal's fee, he requested them to issue the alias writ, and advanced the fee for its service. That it has always been his purpose to bring the case to trial with convenient speed. The motion was sustained, and the case discontinued.

*Mr. Charles Bendheim* and *Mr. Edwin Forrest* for the appellant.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Both parties rely upon the decision of this court in *Parsons v. Hill,* 15 App. D. C. 532, as decisive of the question presented. In that case the original summons was not served because the defendant was not within the jurisdiction. No other summons was issued until nearly two years thereafter. This was served. There had been no intervening entries of continuance. On appearance of the defendant by motion the alias summons was vacated. Presuming, in the absence of proof to the contrary, that the defendant had remained out of the jurisdiction from the time of filing the declaration until the issue of the alias summons, it was held that the entry of continuances from time to time during that period was not essential to prevent discontinuance. The opinion discussed, at length, the ancient practice of the common law, and the effect of changes that had been made therein by the modern rules of practice. It was said that it was not to be understood that the law in regard to actual continuances is no longer in force, citing *Galt* v. *Todd,* 5 App. D. C. 350, and other cases relating to the necessary issue and continuance of writs on judgments to prevent the bar of limitations. It was then said that the prevailing practice, under which, when a declaration has been filed and summons issued and returned because the defendant could not be found, no further writs are required to keep the action alive until the defend-

ant can be actually found and served, has its limitations. Immediately thereafter the following was said: "But it follows that when the defendant can be found and the writ can actually be served upon him, it then becomes necessary to follow up the proceeding by the issue of a writ to be actually served; and if the plaintiff fails to have a writ issued in due time for such actual service he incurs the risk of having his suit discontinued. It is open to a defendant, when service of process has been improperly and unduly delayed, to show, upon motion to vacate the writ, when it has actually been issued, that there has been discontinuance in consequence of failure to have it issued in due time. The writ will be presumed to have been duly issued and duly served, until the contrary is shown; but actual discontinuance of the suit may be made to appear, upon affidavit, or otherwise to the satisfaction of the court. And when such actual discontinuance has been made to appear, the court may properly vacate the writ which has been served upon the defendant, and discontinue the cause, and remit the plaintiff to a new action if he chooses to avail himself of it.   *   *   *   Suits at common law, which have been duly commenced by the filing of a declaration and the issue of process thereunder, cannot thereafter be permitted to remian indefinitely within the control of the plaintiff alone. The suit should be effectively prosecuted or dismissed. Due diligence in such prosecution is an essential requirement on the part of the plaintiff. If that due diligence is wanting, effect should be given to the rule of law that works a discontinuance of the suit. But under the Code of Procedure of the Supreme Court of the District, that question of due diligence is a question of fact to be shown to the court by proper proof."

Appellant's reliance upon the decision in that case as ruling this in his favor is not well founded. The conditions of the two cases are materially different. The failure to obtain service in that case was not the fault of the plaintiff, nor was it made to appear that alias summons could have been served at any date earlier than it was. Continuous issuance during the entire period of the defendant's absence from the jurisdiction would

have incurred additional costs without serving any practical purpose. There was no call for the exercise of any greater diligence. In the case at bar, the defendant was in the District, and could have been served at once, but for the negligence or default of plaintiff's attorney. Alias summons could have been served upon the defendant on any day until July 12, 1906. Defendant was absent from that day until August 28, a fact which it does not appear was then known to the plaintiff. After that date he was continuously present, and yet the alias was not issued until October 27. The negligence of the attorney in so prosecuting an action is attributed to the client. There being no other excuse for the negligence of the plaintiff than his statement of reliance,. without inquiry, upon his attorney, the court held that the action had become discontinued for the want of due diligence, in accordance with the doctrine enounced in *Parsons* v. *Hill.* We are not prepared to say that he erred in so holding. It is true that where a short time only has elapsed within which the action has not been diligently prosecuted, and especially where no substantial injury has accrued to the defendant, very slight circumstances might often justify a refusal to vacate a belated summons and declare the action discontinued. No such additional circumstances have been shown in this case. In some jurisdictions the rule in such cases is, not to vacate the writ and discontinue the action, but to treat it as the commencement of the action in fact, so as to open up the plaintiff's demand to the plea of limitations to the date when diligence was begun, instead of confining it to the date of filing the declaration. As shown in *Parsons* v. *Hill,* the other rule of practice has been recognized as prevailing here. The only practical difference between the differnt rules is that under the former the expense and delay of beginning the action anew is avoided.

The judgment will be affirmed, with costs.        *Affirmed.*


A writ of error to the Supreme Court of the United States was, on motion of the appellant, allowed June 4, 1907.