## STEELE v. GENERAL BAKING CO.

No. 1414.

Municipal Court of Appeals
District of Columbia.

Submitted Dec. 7, 1953.

Decided Jan. 5, 1954.

Rehearing Denied Jan. 27, 1954.

Milton Conn, Washington, D. C., for appellant.

James C. Gregg, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In February 1950 the General Baking Company filed suit for damages resulting from an automobile collision. Effort was made to serve the defendant, but due to a wrong address service was not effected. An alias summons was issued on August 22, 1950, but again due to a "bad address" defendant was not served. More than 26 months later another alias summons was issued and defendant was served on November 6, 1952. Defendant filed an answer and counterclaim, and in his answer raised the defense that the cause of action had been discontinued because of undue delay in the issuance of the alias summons. Trial was had by the court and a finding for plaintiff was entered on both the original claim and the counterclaim.

Only one question is raised by this appeal: Was the court in error in not ordering a dismissal for failure of the plaintiff to diligently prosecute his cause of action? We feel that under the facts of this case the complaint should have been dismissed.

846

Defendant testified that he had resided in the District of .Columbia from the date of the collision (August 3, 1949) until. he was served with process (November 6, 1952). He put in evidence his District of Columbia driver's permit to · substantiate his oral testimony. No evidence was offered by plaintiff to contradict his statements.

 There is a duty on every plaintiff to be diligent in pursuing his remedies and to expedite his cause to a final determination. Courts should. discourage delays at every step of the proceeding. For the same reason that the statute of limitations bars the filing of stale claims, courts have exercised their inherent power to dismiss suits which have been filed and then allowed to lapse without diligent action by plaintiff.[1] Here defendant made out a prima facie case of plaintiff's lack of diligence by showing that he was within the District of Columbia during all of the 32 months between the filing of the complaint and service of process. This evidence was uncontradicted, and no excuse was offered for failing to serve defendant over this long period of time. Although it is well settled that the question of diligence in prosecuting a suit is one of fact,[2] and one within the discretion of the trial judge, we must rule that there was an abuse of that discretion in the instant case. The authorities in this [3] and other jurisdictions [4] could lead us to no other conclusion.

A party should not be forced to defend himself against a claim which arose more than three years ago, when with a little effort on the plaintiff's part the case could have been adjudicated within a few months.

Reversed.

1. Barger v. Baltimore & O. R. Co., 75 U. S.App.D.C. 367, 130 F.2d 401; Slater v. Cannon, D.C.Mun.App., 93 A.2d 92; see Municipal Court Rule 41(b).

2. Parsons v. Hill, 15 App.D.C. 532, 551.

3. Neel v. Barbra, 78 U.S.App.D.C. 13, 136 F.2d 269; Bowen v. Wilson, 56 App.D.C. 375, 15 F.2d 733; Hopp v. Pickford, 30 App.D.C. 81; Parsons v. Hill, supra; Slater v. Cannon, supra.

4. Refior v. Lansing Drop Forge Co., 6 Cir., 124 F.2d 440, certiorari denied 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746; Werner Piano Co. v. Baker, 35 Idaho 496, 207 P. 588; 17 Am.Jur., Dismissal and Discontinuance, § 57; 167 A.L.R. 1059.