Ernest C. DICKSON, Appellant,

v.

Catherine E. MARSHALL, Appellee.

No. 1600.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 31, 1955.

Decided March 1, 1955.

Irvin Barnes, Washington, D. C., for appellant.

Philip W. Thomas, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

5. Moiger v. Johnson, 86 U.S.App.D.C. 219, 180 F.2d 777.

QUINN, Associate Judge.

The only question in this case is whether there was an abuse of discretion in the dismissal of plaintiff's action for failure to prosecute with diligence. The facts are these:

Appellant, an attorney and the plaintiff below, filed an action on January 25, 1951, against defendant for counsel fees. Efforts were made to serve summons on her, but due to a wrong address service was not effected. An alias summons issued in April 1951 and directed to 218 S Street, N. E., was returned by the marshal requesting "more time." In May 1951 pluries summons was issued, but it was returned unserved due to a "bad address." No further action was taken by plaintiff until June 1953 when a new pluries summons was issued, but was returned unserved with a notation "not to be found—more time." On October 14, 1954, approximately sixteen months later, another pluries summons was issued and served on defendant on October 25, 1954, at 218 S Street, N. E. Defendant then filed a motion to dismiss contending that the cause of action had been discontinued because of plaintiff's delay in procuring service of summons upon her. Attached to the motion was an affidavit tending to support her position. In substance, the affidavit stated that she had resided at 218 S Street, N. E., since the latter part of 1950; that her occupancy had been open, notorious and continuous; that she was listed in the local directories as residing at that address; and that these facts were well known to the plaintiff. No controverting affidavit was filed. The motion was heard and granted, and this appeal follows.

■ In determining whether a plaintiff has been diligent in pursuing his legal remedies the court must look to the facts of each particular case. The question of due diligence in prosecuting a suit has been held to be "a question of fact to be shown to the court by proper proof," Parsons v. Hill, 15 App.D.C. 532, 551, and the moving party must set forth such proof to the satisfaction of the court in order to warrant a finding of lack of diligence resulting in a dismissal of the action.

■ It has also been held on numerous occasions that once a trial judge has exercised his judicial discretion in finding that there has been a lack of diligence on the part of a plaintiff in pursuing his cause, said finding will not be disturbed on appeal unless it is clearly shown that there has been an abuse of that discretion.[1]

■ We feel that under the facts of this case the ruling of the court was entirely justified and within sound judicial discretion. The defendant's affidavit in support of her motion to dismiss indicates that she was present in the jurisdiction and available for service from the time of the filing of the complaint until the date of the actual service upon her—a total of three years and nine months. The defendant thus made a prima facie showing of plaintiff's lack of diligence and the record reveals no explanation offered by plaintiff to contradict this showing.[2]

■ The burden is not on a defendant to voluntarily come forth in order that service can be effected, but rather, it is incumbent upon a claimant to seek out a defendant located within the jurisdiction in order that legal process can be served. Failure to do so, as in the present case, may result in a dismissal of the claimant's action under rule 41(b) of the Municipal Court.

Affirmed.

1. Neel v. Barbra, 78 U.S.App.D.C. 13, 136 F.2d 269; Barger v. Baltimore & O. R. Co., 75 U.S.App.D.C. 367, 130 F.2d 401; Bell v. Thomas, D.C.Mun.App., 109 A.2d 580; Slater v. Cannon, D.C.Mun.App., 93 A.2d 92.

2. Steele v. General Baking Co., D.C.Mun. App., 101 A.2d 845.