Sonia L. NELSON, trading as Perry-Nelson Dress Shop, Appellant,

v.

AMERICAN STORE FIXTURE CO., Inc., Appellee.

No. 1726.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 12, 1955.

Decided Jan. 11, 1956.

---

3. Ellison v. United States, 93 U.S.App. D.C. 1, 206 F.2d 476.

4. Holmes v. United States, 56 App.D.C. 183, 11 F.2d 569.

same notation as that on the original summons. On February 18, 1955, a fourth summons was issued and service was effected on February 24. Defendant contended below and contends here that the interlude of sixteen months between the third and fourth summons was an unreasonable delay in view of the fact that she had a regular place of business in the District of Columbia which was well known to plaintiff.

To offset this apparent lack of diligence in obtaining service, plaintiff pointed out that defendant, although having a place of business in the District of Columbia, was a resident of the State of Maryland; and that she admitted that she was frequently absent from her store by reason of business trips, vacations, and illnesses.

Jackson Brodsky, Washington, D. C., for appellant.

Harry L. Ryan, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In an action for the value of furnishing and installing certain store fixtures, there was judgment for plaintiff, and defendant has appealed. The only claim of error is the refusal of the trial court to dismiss the action on the ground of lack of diligence in its prosecution.

The action was filed June 11, 1953, and the original summons, issued that day, was returned unserved, with a notation indicating defendant had not been found and more time was needed to effect service. On July 24 a second summons was issued and on September 14 a third summons was issued. These were returned unserved with the

The trial court's rule 41(b) provides for dismissal of an action for failure to prosecute. Furthermore, a court has inherent power to dismiss for failure to prosecute with diligence.[1] We have held that the trial court not only has the power to dismiss for want of diligent prosecution,[2] but that under certain circumstances it has a duty to dismiss.[3] But we have also ruled that whether an action should be dismissed for lack of diligence rests largely in the discretion of the trial court and the grant or denial of a motion to dismiss will be reviewed only for an abuse of such discretion.[4]

In the present case the trial court held that the circumstances did not warrant a dismissal. While it is obvious that plaintiff could have proceeded with more diligence, we cannot say there was such a complete lack of diligence as to require us to hold that the trial court abused its discretion in not ordering a dismissal.

Affirmed.

1. Barger v. Baltimore & O. R. Co., 75 U.S.App.D.C. 367, 130 F.2d 401.

2. Dickson v. Marshall, D.C.Mun.App., 111 A.2d 879.

3. Steele v. General Baking Company, D.C. Mun.App., 101 A.2d 845.

4. Slater v. Cannon, D.C.Mun.App., 93 A. 2d 92.