Julian BERCH, to the Use of NATION-
WIDE MUTUAL INSURANCE COM-
PANY, Appellant,

v.

Edward E. ROSNER, Appellee.

No. 2055.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 16, 1957.

Decided Nov. 14, 1957.

William T. Clague, Washington, D. C., with whom Allan C. Swingle, Washington, D. C., was on the brief, for appellant.

Jack Politz, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In a previous action a judgment was awarded against Julian Berch, Mollie Berch, Samuel C. Rosner and Edward E. Rosner. The Berches' insurer paid the judgment and the present action was brought by the Berches, to the use of the insurer, for contribution from the Rosners. The complaint was filed March 29, 1956, and summons duly issued, but service was not obtained. During the next eleven months no effort was made to obtain service. On March 7, 1957, an alias summons was issued. Again service was not obtained and a second alias summons was issued on May 24, and service was then obtained upon Edward E. Rosner. He filed a motion to dismiss the complaint on the ground that the lack of any effort to obtain service for a period of eleven months demonstrated such lack of diligence in prosecuting the action as to warrant a dismissal. In support of his motion Rosner filed an affidavit averring that during the eleven months' period he was residing in the District of Columbia and could have been served without difficulty. On behalf of the insurance company an affidavit was filed to the effect that the failure to prosecute more diligently was due to the neglect of a lawyer formerly employed in the office of insurer's counsel. The trial court granted the motion to dismiss and this appeal followed.

Nearly sixty years ago, in Parsons v. Hill, 15 App.D.C. 532, 551, it was said:

"Suits at common law, which have been duly commenced by the filing of a declaration and the issue of process thereunder, can not thereafter be permitted to remain indefinitely within the control of the plaintiff alone. The suit should be effectively prosecuted in good faith, or dismissed. Due diligence in such prosecution is an essential requirement on the part of the plaintiff. If that due diligence is wanting, effect should be given to the rule of law that works a discontinuance of the suit."

The foregoing rule has been consistently followed in this jurisdiction. For recent cases in this court involving that rule, see Steele v. General Baking Co., D.C.Mun. App., 101 A.2d 845; Dickson v. Marshall, D.C.Mun.App., 111 A.2d 879; Nelson v. American Store Fixture Co., D.C.Mun. App., 119 A.2d 445.

The insurance company, the actual plaintiff and appellant, argues rather persuasively that its delay in prosecution does not justify the extreme penalty of dismissal without some showing that such delay will or may result in injury to defendant; that the claim here is for contribution based strictly on a judgment of record and the only possible defense would be payment of the claim; and therefore it is clear that the delay has in nowise injured defendant. There is authority supporting this argument. In Manson v. First National Bank in Ind., 366 Pa. 211, 77 A.2d 399, 402, it was said: "Nor will the plaintiff be penalized for laches if his delay has not resulted in injury to his adversary." See also Forneris v. Krell, 69 Cal.App.2d 280, 158 P.2d 937. And the rule announced in Parsons v. Hill, supra, is based at least in part on the fact that in many cases unreasonable delay in prosecution will or may result in loss of testimony because of impairment of memory or absence or death of witnesses. See also Edmunds v. Frank R.

Jelleff, Inc., D.C.Mun.App., 127 A.2d 152, 154, where in upholding a denial of a dismissal we pointed out that "there was no indication that defendant was prejudiced by the delay."

 However, this court is committed to the proposition that the question of lack of diligence in prosecution is one of fact for the trial court, and that the grant or denial of a motion to dismiss on that ground rests in the sound discretion of the trial court. See Steele v. General Baking Co., supra. We will invade this discretionary field of the trial court only in an extreme case, and we are not convinced that this is such a case.

Affirmed.