Ruby M. SHAKESNIDER and Wilmer Shakesnider, Appellants,

v.

Philip ROSENFELD, Appellee.

No. 2177.

Municipal Court of Appeals for the District of Columbia.

Argued May 5, 1958.

Decided July 25, 1958.

John D. Fauntleroy, Washington, D. C., for appellants.

Saul M. Schwartzbach, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants, husband and wife, were sued as the makers of a promissory note for the balance due thereon. Judgment went against them and they have appealed.

The facts are largely undisputed. Appellants borrowed $3,750.12 from a local bank and gave their note therefor, pledging as collateral security their savings account and the titles to six ice-cream trucks. Default in payment occurred in June 1951 when the balance due was $3,149.34. Presumably the deposit in the savings account was applied toward payment of the note, but no effort appears to have been made to realize on the other collateral. On October 26, 1954, more than three years after default,[1] this action was brought by the assignee of the bank to recover a claimed balance of $2,998.31.

From the record it does not appear when summons was first issued, but it is shown that a second alias summons was issued August 17, 1955, and service was made on the wife—but not on the husband—on September 1, 1955, and she filed an answer on September 14. No further effort was made to effect service on the husband, and appellee took no further action in the case until February 13, 1957, when, seventeen months after the filing of the wife's answer, he moved to have the case calendared for trial against her.

Trial was set for November 12, 1957, but on that day neither the wife nor her attorney appeared. However, the husband appeared and requested a continuance in order to obtain new counsel and appellee consented to the continuance on the condition that the husband enter his appearance, which he did. Thereafter new counsel was obtained and he filed a motion on behalf of both husband and wife to dismiss for lack of diligence in prosecution. This motion was denied, and an answer was then filed asserting several defenses, including that of lack of due diligence in prosecution. The case went to trial and judgment was awarded appellee against both husband and wife for the full amount claimed.

On this appeal appellants first argue that it was error not to grant their motion to dismiss for lack of diligence in prosecution. In a recent case[2] we had occasion to point out that in this jurisdiction it has been long established that a plaintiff is required to prosecute his action with due diligence, and that lack of such diligence warrants dismissal of the action. We further pointed out that the question of diligence is ordinarily one of fact for the trial court and that generally its ruling on the question will not be disturbed on appeal. However, where there is no dispute of fact, the question may become one of law.[3] Guided by those principles we turn to the situation in the present case.

From August 17, 1955, when he caused the second alias summons to issue, until February 13, 1957, when he moved to calendar for trial, appellee took no step in the prosecution of the action. Although appellant wife's answer was filed on September 14, 1955, no effort was made to bring the case to trial as to her, and knowing that the husband had not been served, no effort was made to obtain service on him. Appellee has offered no excuse for his inaction.

On the other hand, the husband by his uncontroverted affidavit alleges that from

1. The action would have been barred by our general three-year statute of limitations except for the fact that the note was under seal. Code 1951, 12-201.

2. Berch v. Rosner, D.C.Mun.App., 136 A. 2d 260.

3. Steele v. General Baking Co., D.C.Mun. App., 101 A.2d 845.

the time suit was filed until the present time, he has resided in the District of Columbia, has been listed in the telephone directory and has been available for service; and that due to the long delay he has lost or misplaced records material to his defense. In connection with this last allegation, it may be noted that there was a lapse of six and one-half years from the time of default to the date of trial.

In our opinion the unexplained and therefore unexcused failure of appellee for seventeen months to bring the case to trial against the wife or to make any effort to effect service on the husband, established as a matter of law lack of due diligence in prosecution of the action and required that the motion to dismiss be granted. The fact that the husband voluntarily entered his appearance does not change the situation, because after doing so he promptly moved for a dismissal. Our conclusion on this point makes it unnecessary to consider a second point raised by appellants.

Reversed with instructions to dismiss.