**HABER & CO., Inc., Appellant,**

v.

**Alvin GOINS, Appellee.**

No. 2239.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 8, 1958.

Decided Oct. 28, 1958.

Jack Politz, Washington, D. C., for appellant.

Alvin Goins, appellee, pro se.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

In February 1954 appellant Haber & Co. sued appellee Goins and his wife for $66.42 on account of purchases of merchandise by the wife. For reasons not disclosed by the record service of process was not made until May 1956. Appellee promptly answered, denying any indebtedness. His wife, through other counsel, moved to dismiss for delay in prosecution and her motion was granted by consent in June 1956. No other action was taken in the case until December 1957 when appellant's present counsel had the case placed on the trial calendar. (Appellant had been previously represented in this matter by at least four other counsel.) When the case was called for trial in January 1958 appellee orally moved to dismiss for lack of diligence in prosecution. His motion was granted. Appellant thereafter moved to reinstate and when this motion was denied brought this appeal.

There is no merit in the appeal. The mere recitation of the history of the case demonstrates a complete lack of diligence in prosecution. " * * * a plaintiff is required to prosecute his action with due diligence, and * * * lack of such diligence warrants dismissal of the action." Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106, 107. It would have been obviously unfair to have compelled appellee in 1958 to defend a suit filed against him in 1954 for alleged purchases by his wife (from whom he is now divorced) in 1953, without a showing of justifiable excuse for such delay. No such showing was made.

Affirmed.