Hyman R. POSIN, Appellant,

v.

Sam MARCUS, t/a Marcus Construction
Company, Appellee.

No. 2320.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 12, 1959.

Decided March 3, 1959.

George Sanford Jordan, Washington,
D. C., for appellant.

H. Max Ammerman, Washington, D. C.,
for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

■ The only question on this appeal is
whether there was an abuse of discretion
in the dismissal of appellant's action for
failure to prosecute with diligence.

The facts are these: In March 1953 ap-
pellant sued appellee alleging a breach of
warranty in connection with the sale of
a house. The case was tried in April 1955
and resulted in a judgment for appellee.
Appellant filed a motion for new trial,
which was granted July 19, 1955. No fur-
ther action was taken until May 1958 when
the case was placed on the trial calendar.
Appellee then filed a motion to dismiss the
action for failure to prosecute with dili-
gence, and after argument the motion was
granted.

In bringing this appeal, appellant con-
tends that the court erred in finding a lack
of diligence in prosecuting the case. Ap-
pellee urges that the record indicates a
demonstrable lack of diligence, that the trial
judge's action in dismissing the complaint
was correct, and that there was no abuse
of discretion.

■ It has long been established in this
jurisdiction that a plaintiff is required to
prosecute his action with due diligence, and
that lack of such diligence warrants dis-
missal of the action. Furthermore, this
court has held:

"* * * that the question of lack
of diligence in prosecution is one of
fact for the trial court, and that the
grant or denial of a motion to dismiss
on that ground rests in the sound dis-
cretion of the trial court. * * *
We will invade this discretionary field

of the trial court only in an extreme case; * * *."[1]

The affidavit filed on behalf of appellant in opposition to appellee's motion to dismiss endeavored to explain and excuse the three-year delay, but in our opinion, it fell far short of doing either.[2] We do not think appellee should be forced to defend himself against a claim which lay dormant for more than three years when, with a little effort on appellant's part, it could have been adjudicated within a few months. On the record before us, we conclude that the trial judge had ample justification of his action.

Affirmed.

1. Berch to Use of Nationwide Mut. Ins. Co. v. Rosner, D.C.Mun.App.1957, 136 A.2d 260, 261.

2. See Shakesnider v. Rosenfeld, D.C.Mun. App., 1958, 144 A.2d 106.