**Marie FOWLER and Clarence Reed,
Appellants,**

**v.**

**SAFEWAY STORES, INCORPORATED,
Appellee.**

**No. 2464.**

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 12, 1959.

Decided Dec. 22, 1959.

---

King David, Washington, D. C., with whom Julius W. Robertson, Washington, D. C., was on the brief, for appellants.

Samuel J. L'Hommedieu, Jr., Washington, D. C., with whom Arthur B. Hanson, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action, which was originally filed in the United States District Court for the District of Columbia, started out with four plaintiffs, Marie Fowler, her husband William, Clarence Reed, and Clarice Price, and with two defendants, Safeway Stores Inc. and Chauncey T. James. For alleged false arrests, assault and battery, malicious prosecution, false imprisonment and slander, Mr. and Mrs. Fowler sought compensatory damages of $250,000 and punitive damages of $500,000; and Clarence Reed and Clarice Price each sought compensatory damages of $100,000 and punitive damages of $250,000. The District Court, being of the opinion that the action would not justify a

judgment in excess of $3,000, certified the action to the Municipal Court.[1] Somewhere along the way two plaintiffs, William Fowler and Clarice Price, and one defendant, James, have dropped out or been dismissed from the case. This appeal is by Marie Fowler and Clarence Reed from an order dismissing their claims against Safeway for lack of prosecution.

Safeway has moved to dismiss the appeal on the ground it was not timely filed. It says that the appeal is from the denial of a motion to reconsider the order of dismissal, and that a motion to reconsider does not extend the time for noting an appeal.[2] The facts are that the order of dismissal was made in open court on the morning of April 13. Later in the same day plaintiffs' counsel, who were not present at the time of dismissal, went before the trial court and orally moved or requested that the dismissal be set aside. Counsel for defendants were not then present. The Court informed the plaintiffs' counsel of the reasons for the dismissal but did not formally deny the motion. Three days later plaintiffs filed a formal motion "for reconsideration of order dismissing the cause." This motion was served upon opposing counsel and after a hearing, including the taking of testimony of several witnesses, the motion was denied.

We are of opinion that the formal written motion, though entitled as one for "reconsideration," was the primary motion presenting the matter to the trial court, that it was timely filed, and extended the time for noting an appeal. The trial court evidently was of the same opinion, for otherwise it would hardly have conducted the extensive hearing on this motion.

Turning to the merits we find these undisputed facts. After the case had been certified to the Municipal Court, pre-trial proceedings were had on February 26, 1959. At that time it was agreed and noted on the pre-trial statement that the case should not

---

1. Code 1951, § 11–756, Supp. VII.

2. See DeFoe v. National Capital Bank of Washington, D.C.Mun.App., 90 A.2d 242.

be set for trial in the last week of March. By inadvertence the case was set for trial in that week, and, upon learning of this, one of Safeway's counsel, after consulting Mr. David, one of plaintiffs' counsel, had the case continued until April 13 at 10:00 a. m. Mr. David was notified of this action by letter of March 12. On March 19 Mr. David was sent notice that a case in which he was counsel was set for argument in the Municipal Court of Appeals on April 13 and that his presence in that court was required at 10:30 a. m. With several weeks notice of this conflict in his court engagements Mr. David took no step to notify opposing counsel and sought no postponement of either the trial case or the appeals case.

At about 9:30 on the morning of April 13 Mr. Carr, assignment commissioner of the Municipal Court, called Mr. David and asked if he was ready to try his case, informing him that four or five witnesses for the defendant were already present and that he (Carr) wanted to be sure that David would be there. What thereafter transpired is the subject of some conflict in testimony, but from such testimony the trial court could have found the following.

When Carr called David about the case, David replied he had forgotten about it but would get his witnesses and be ready for trial. Shortly before ten o'clock David appeared in the assignment commissioner's office. He had no clients or witnesses with him. Whether one of his clients later appeared is disputed. Safeway's counsel and a number of its witnesses were present. Mr. David then told the assignment commissioner of his engagement in the Municipal Court of Appeals, but said Mr. Robertson would take care of the trial case. (The firm of Robertson and Roundtree were co-counsel for plaintiffs with Mr. David). Mr. David then left the assignment commissioner's office and went to the Municipal Court of Appeals, as he testified, under the impression that he was required to be there at ten o'clock although cases are not called there until 10:30. Mr. Robertson, who had a previous engagement in the District Court, arrived at the Municipal Court building shortly after ten but instead of going to the assignment commissioner's office he proceeded to the Municipal Court of Appeals on the third floor, joined Mr. David and remained with him until he had completed his argument in the appeals case. Mr. Robertson testified that he had not been told by Mr. David that he was to take care of the trial case. Shortly after 11:30 David and Robertson went to the assignment commissioner's office and there learned that the present action had been sent into court for trial and had been dismissed for want of prosecution.

It appears that at ten o'clock or shortly thereafter counsel for Safeway, who had remained at the assignment commissioner's office, had announced they were ready for trial and the commissioner had sent them with the court file to a court where a judge and prospective jurors were waiting for a case. When no one appeared for the plaintiffs, the court dismissed the case for want of prosecution.

The sole question before us is whether the trial court abused its discretion in refusing to set aside the order of dismissal.

Rule 39, Section B(c) of the Civil Rules of the trial court, provides:

"When an action is called for trial and the party seeking affirmative relief fails to respond, an adversary may have the claim dismissed, with or without prejudice, as the court may decide, or may have a trial."

As the present action was called for trial and neither plaintiffs nor their counsel responded, dismissal was warranted under the above rule. However, appellants argue that the case should not have been called for trial, because, they say, the assignment commissioner should not have sent the case into court. In support of this argument, appellants rely on the testimony of the assignment commissioner that it is the practice of his office to ascertain that counsel

for both parties are present before sending a case into court; that having been told by David that Robertson would take care of the case, he assumed Robertson was present when Safeway's counsel announced they were ready; and that he sent the case to court on the assumption that all counsel were ready. In effect appellants argue that the case was not properly called for trial because the assignment commissioner sent the case to court on the erroneous assumption that all counsel were present, and that except for this erroneous assumption the case would not have been called for trial.

The fallacy in appellants' argument is that it ascribes to the assignment commissioner too great a control and authority over the daily court calendar. It is true that it is the duty of the assignment commissioner to maintain a ready calendar[3]; that all cases which have been designated ready for trial shall be assigned from the assignment commissioner's office to courts for trial in accordance with the daily assignment,[4] and that when a judge is ready to take a case, it is the duty of the assignment commissioner if practicable to send to court the next action on the daily assignment;[5] but nowhere in the rules do we find any authority given the commissioner to refuse to send a case on the daily assignment to court for trial merely at the request of counsel for one party or because such counsel is not present. We recognize that, as a practical matter, the assignment commissioner will try to accommodate counsel in the matter of sending cases into court when counsel for both parties are in agreement; but, as we read the rules, the commissioner has no authority to withhold sending a case to court when its turn appears on the daily assignment unless all counsel consent. We think this is made clear by Rule 40 which creates the office of assignment commissioner and provides for the making of the ready calendar and the daily assignment. Subsection (i) (1) of Rule 40 provides:

"Except as otherwise in these rules provided, all applications for continuances, passing or advancements of jury and non-jury cases shall be made to the judge presiding in Motions Court. No case will be continued on the day of trial, except for good cause shown, and provided that counsel has used due diligence to be ready for trial and has notified or made diligent effort to notify his opponent as soon as he became aware of the necessity to ask for a postponement."

■ Mr. David, knowing of his conflict in court engagements, should have notified Safeway's attorneys and endeavored to obtain their consent to the passing of the trial case until completion of the appellate case. If unable to obtain such consent, application should have been made to the motions court. Instead, counsel waited until the morning the case was to go to trial, appeared in the assignment commissioner's office, and after announcing that he had an appellate case left the assignment commissioner's office, assuming that opposing counsel, witnesses, judge and jurors would sit idly by until his return. Court engagements are not to be treated so lightly. No satisfactory excuse for counsel's actions was found by the trial court and none is found by us.

Affirmed.

3. Civil Rule 40(b).

4. Civil Rule 39, Section A(h).

5. Civil Rule 40(k).