240 A.2d 133 (1968)
George K. BAILEY, Schell S. Hoye, George E. Magee, William E. B. Graves, t/a Hoye, Graves, Bailey & Company, Appellants,
v.
The WASHINGTON MOTOR TRUCK TRANSPORTATION EMPLOYEES PENSION TRUST, Appellee.
No. 4154.
District of Columbia Court of Appeals.
Argued March 4, 1968.
Decided April 3, 1968.
Paul J. McGarvey, Washington, D. C., for appellants.
John R. Foley, Washington, D. C., for appellee.
Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.
MYERS, Associate Judge:
On January 6, 1965, appellants filed a complaint in debt against appellee. The original summons to appellee, an unincorporated association, was returned by the United States Marshal on January 27, 1965, with the notation, "unable to contact Alfred Bell, agent." On March 28, 1966, alias summonses were issued with directions to serve "Charles J. Bell" at the address given on the original summons and to separately serve "Charles Poole" at a different address. The summons directed to Poole was returned with the notation, "No service." The summons directed to Bell was served personally, but it was attached to a wrong complaint and another summons was issued on May 23, 1966, which was served on June 2, 1966, at the same address given in the original complaint. One year, four months and two weeks had elapsed between the filing of the initial complaint and the issuance of the last alias summons.
Through counsel, appellee moved to dismiss for failure to prosecute. A supporting affidavit executed by a representative of the association asserted that appellee had at all times since 1952 maintained the same place of business where service could have been effected during the business hours of each week.
*134 After a hearing on the motion, the trial judge dismissed appellants' complaint for failure to prosecute with the diligence contemplated by Civil Rule 41(b) of the Court of General Sessions.[1] The sole question before us is whether his action was an abuse of discretion.
We are committed to the proposition that whether there has been a lack of diligence in the prosecution of a suit is a question of fact to be determined by the trial judge. The grant or denial of a motion to dismiss an action on this ground rests in his sound discretion. Glorious v. Evans, D.C.App., 197 A.2d 149 (1964); Posin v. Marcus, D.C.Mun.App., 148 A.2d 791 (1959); Shakesnider v. Rosenfeld, D.C. Mun.App., 144 A.2d 106 (1958).[2] We will invade this discretionary field only in an extreme case. In our judgment the present appeal is not one which requires our intervention. The record reveals no reasonable explanation or excuse for the long delay in securing service on appellee. The trial judge showed no abuse of discretion in dismissing the complaint against appellee.
Affirmed.
NOTES
[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *"
[2] In accord, Haber & Co. v. Goins, D.C. Mun.App., 145 A.2d 452 (1958); Berch to Use of Nationwide Mut. Ins. Co. v. Rosner, D.C.Mun.App., 136 A.2d 260 (1957); Dickson v. Marshall, D.C.Mun. App., 111 A.2d 879 (1955); Steele v. General Baking Co., D.C.Mun.App., 101 A.2d 845 (1954); Slater v. Cannon, D.C. Mun.App., 93 A.2d 92 (1952).