Isabelle M. CHRISTIAN and Salvador J. Christian, Appellants,

v.

Joseph E. BRUNO, Joseph E. Bruno, Inc., a corporation, Home Indemnity Co., a corporation, Gaspare Costa, Rosa Costa, Appellees.

No. 4222.

District of Columbia Court of Appeals.

Argued May 27, 1968.

Decided Oct. 24, 1968.

J. Joseph Barse, Washington, D. C., for appellants, Maxwell A. Ostrow and Maurice Friedman, Washington, D. C., were on the brief for appellants.

Leonard C. Collins, Washington, D. C., for appellees Joseph E. Bruno, Joseph E. Bruno, Inc. and Home Indemnity Co.

Herman Miller, Washington, D. C., for appellees Gaspare Costa and Rosa Costa.

Before MYERS, KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge.

This appeal questions the dismissal of appellants' cause of action for lack of diligent prosecution under G.S. Civil Rule 41 (b).[1] We hold that it was error to grant the motion to dismiss.

Appellants' complaint for damages and for recovery of secret profits arising out of alleged fraud and misrepresentation in the sale of certain real property located in the District of Columbia was filed September 11, 1964, approximately five months after the questioned sale had taken place. The five appellees, and Pauline L. Bruno, wife of appellee Joseph E. Bruno and Secretary of appellee Joseph E. Bruno, Inc., were named as defendants. Service of summons and complaint was perfected on defendants Joseph E. Bruno, Joseph E. Bruno, Inc., and Home Indemnity Co. on September 14, 1964. The same day the deputy marshal made a return noting that he was unable to serve the non-resident Mrs. Bruno because she was "not at [the] D.C. office", the address at which appellants had directed service to be made. Answers were filed by the defendants upon whom service had been obtained on November 19, 1964. The defendants Costa, also nonresidents who had not been served with process, voluntarily appeared and filed answers on May 25, 1965. No additional effort was ever made to serve Mrs. Bruno.

From December 1964 through June 1965, certain depositions were taken and motions filed by appellants to compel the taking of defendant Gaspare Costa's deposition, for an award of attorney's fees, and to compel the production of documents. However, no action of any kind was taken from July 8, 1965, when a final transcript was filed, until October 20, 1966, when appellants moved to calendar and to advance the case for trial. In the motion to calendar, trial counsel explained that he had assumed the case would be placed on the pretrial and trial calendars by the assignment commissioner.[2] He further assumed that the delay in reaching pretrial had been caused by the usual waiting period created by a crowded docket. It was only when he called to ascertain the approximate date for pretrial and/or trial, having received no notice thereof,[3] that he learned that the assignment commissioner did not consider the case to be "at issue" and, absent an order of court, would not calendar the case until service had been perfected on all defendants or some disposition made with respect to the defendant not served. Counsel immediately filed the motion to calendar and advance for trial, thereby precipitating a motion by appellees to dismiss for lack of diligence in prosecution. The trial judge heard and denied the motion to calendar and granted the motion to dismiss as to all moving parties. No findings were made, nor were any reasons given for this action. There being no notation to the contrary, the dismissal was with prejudice and operated as an adjudication on the merits.

Appellants first attempt to implicate the court in the neglect which resulted in dismissal of their cause of action. They contend that the case was at issue when the defendants who had been served answered the complaint and that the assignment commissioner was obliged at that time to calen-

---

1. (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision * * * operates as an adjudication upon the merits.

2. And implicitly, as argued on appeal, that any defendant not served would be dropped at pretrial, a procedure which we are informed was formerly followed in the trial court.

3. No regular or continuous pretrial schedule was maintained at that time.

dar the case in accordance with his mandatory duty under the rules.

The assignment commissioner is charged with the duty of maintaining a pretrial calendar[4] and a ready calendar.[5] Cases are to be placed on both calendars only after they are at issue; that is to say, when the defendant has been served and has filed an answer, or, if further pleadings are required, when the pleadings are closed. An issue of law or of fact has then been framed and the case is ripe for disposition. And for many years it has been the practice in the Court of General Sessions to calendar cases in which multiple defendants are sued only when all have been served and have answered, or when those not served have been dropped as defendants, or when leave of court to calendar the case has been obtained. Practice aside, however, GS Rule 79(c) specifically provides that

An action when at issue shall be placed on the ready calendar by the assignment commissioner. However, nothing contained in this rule shall relieve the plaintiff or his attorney from the independent duty to prosecute his claim diligently pursuant to the requirements of Rule 41 (e) or other applicable law.

■ We take this rule to mean that counsel must bring a cause of action to is-

sue without undue delay notwithstanding the assignment commissioner's responsibility to maintain a ready calendar. This independent duty clearly includes perfecting service on all persons named as defendants in a suit, for to hold otherwise would be to immunize a party from a duty to diligently prosecute when, by adding a nonresident defendant to the suit, he could indefinitely delay calendaring for trial without any obligation to move within a reasonable time to dismiss or to drop the nonresident defendant.

■ It has been held that while service upon a defendant must be perfected with due diligence, Parsons v. Hill, 15 App.D.C. 532 (1900), once issue is joined the subsequent delay in reaching trial ought not to be grounds for dismissal. Meloy v. Keenan, 17 App.D.C. 235 (1900). More recent decisions place a continuing duty upon counsel to move with diligence at all stages,[6] and in the light thereof, it is our opinion that counsel in this case may not rely upon the assumption that the assignment commissioner would calendar the case to excuse the failure to serve or to dismiss against the defendant Mrs. Bruno.

Appellants also fault the clerk of the court for failing to enter a dismissal, after the requisite warning, under GS Civil Rule 41(e).[7] Their argument is that the

4. GS Rule 79(i) Pre-trial Calendar. The assignment commissioner shall prepare and maintain a calendar to be known as a pre-trial calendar on which shall appear all jury cases awaiting pre-trial. Such cases shall be placed upon the pre-trial calendar after they are at issue, and in the order in which they have become at issue.

5. GS Rule 79(b) Ready Calendar. The assignment commissioner shall prepare and maintain a calendar to be known as the ready calendar which shall include all jury cases in the order in which they were pre-tried, and all non-jury cases in the order in which they were placed thereon in accordance with subdivision (c) of this rule. Such ready calendar shall be so kept as to distinguish between jury and non-jury actions.

6. Woods v. Baltimore & O.R.R., D.C.Mun. App., 149 A.2d 425 (1959); Posin v. Marcus, D.C.Mun.App., 148 A.2d 791 (1959); Haber & Co. v. Goins, D.C.Mun. App., 145 A.2d 452 (1958); Bell v. Thomas, D.C.Mun.App., 109 A.2d 580 (1954).

7. 41(e) Clerk to Warn Dilatory Party; Dismissal Without Prejudice: Notice of. If a party seeking affirmative relief fails for 5 months from the time action may be taken, to comply with any law, rule, or order requisite to the prosecution of his claim, or to avail of any right arising through the default or failure of an adverse party, the clerk shall warn the dilatory party by mail that his claim will stand dismissed if he fails to comply with this rule, making a note in the docket of the mailing. A failure of the clerk to give this warning will not affect the running of the 6 months' period

dismissal would then have been without prejudice, leaving them free to move to reinstate the complaint within a reasonable time. However, in Edmunds v. Frank R. Jelleff, Inc., D.C.Mun.App., 127 A.2d 152 (1956), in a converse situation, this court held the rule was not self-operating, so that a case remains pending despite the clerk's failure to enter the dismissal.

While our reversal is not based upon the foregoing claims of error, they are matters which in our judgment bear upon the exercise of the court's discretion in granting the motion to dismiss. In Parsons v. Hill, supra,[8] it was said that

> Suits at common law, which have been duly commenced by the filing of a declaration and the issue of process thereunder, can not thereafter be permitted to remain indefinitely within the control of the plaintiff alone. The suit should be effectively prosecuted in good faith, or dismissed. Due diligence in such prosecution is an essential requirement on the part of the plaintiff. If that due diligence is wanting, effect should be given to the rule of law that works a discontinuance of the suit. But under the code of procedure of the Supreme Court of the District, that question of due diligence is a question of fact to be shown to the court by proper proof.

Later cases continue to stress that dismissal of a cause of action for want of diligent prosecution rests in the sound discretion of the court; the question of what constitutes lack of diligence being one of fact for the trial court.[9] Most of the decisions concern individual defendants who, as the moving party, presented evidence to the court that they were within the jurisdiction and available for service during the period of delay. Yet in Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106 (1958), this court went so far as to say that where there is no dispute of fact, the question of due diligence may become one of law. It is principally upon this case that appellees rely.

In *Shakesnider* two defendants, a husband and wife, were sued for the balance due on a promissory note. Suit was filed more than three years after default, and service obtained upon the wife approximately a year later. Plaintiff moved to calendar seventeen months after the wife answered the complaint. On the first trial date set the husband appeared and requested a continuance, to which plaintiff consented on condition the husband enter his appearance, which he did. Thereafter, a motion to dismiss for lack of diligent prosecution was filed on behalf of both defendants, accompanied by the husband's uncontroverted affidavit that he had at all times been a resident of the District and available for service. Moreover, during the long period of delay he had lost certain papers material to his defense. The motion was denied, and a subsequent trial resulted in a finding against both defend-

---

(hereinafter provided for), or otherwise relieve a party from the operation of this rule. If the delinquency continues for 6 months the complaint, counterclaim, cross-claim, or third-party complaint of said party, as the case may be, shall stand dismissed without prejudice, but the time in which the delinquent party may take appropriate action to reinstate under Rule 60(b) shall start to run from the entry of dismissal by the clerk, or, upon appropriate motion by the court, and the clerk in either case shall serve notice thereof by mail upon every party not in default for failure to appear, of which mailing he shall make an entry in the docket.

8. 15 App.D.C. at p. 551.

9. See, e. g., Bowen v. Wilson, 56 App.D.C. 375, 15 F.2d 733 (1926); Rouse v. National Seating Co., D.C.App., 244 A.2d 491 (1968); Bailey v. Washington Motor Truck Tr. Emp. Pen. Trust, D.C.App., 240 A.2d 133 (1968); Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106 (1958); Berch to Use of Nationwide Mut. Ins. Co. v. Rosner, D.C.Mun.App., 136 A.2d 260, 261 (1957); Nelson v. American Store Fixture Co., D.C.Mun. App., 119 A.2d 445 (1956); Dickson v. Marshall, D.C.Mun.App., 111 A.2d 879 (1955); Steele v. General Baking Co., D.C.Mun.App., 101 A.2d 845 (1954); Slater v. Cannon, D.C.Mun.App., 93 A. 2d 92 (1952).

ants. This court reversed, holding that the unexplained failure to bring the case to trial against the wife, or to make any effort to serve the husband, for a period of seventeen months established lack of due diligence as a matter of law.

■ The facts in *Shakesnider* are in sharp contrast to the facts of this case, which are also undisputed. Here, the complaint was filed within five months of the alleged fraudulent transaction, and there followed a period of vigorous activity in which depositions were taken and motions argued to the court. In the motion to calendar and to advance for trial counsel attempted to explain, if not excuse, the subsequent delay, but in the motion to dismiss there was no attempt to prove, by affidavit or by testimony, that Mrs. Bruno was at any time within the District and available for service during this period.[10] Nor was there any attempt to show that appellees were in any way prejudiced by the delay, a consideration which has long had a significant bearing on the exercise of the court's discretion.[11] In short, it is our view that mere passage of time does not justify a dismissal of appellant's complaint with prejudice, still well within the period of limitations, at a time when appellants were seeking to expedite the case, despite the substantial period of delay.

We are as aware of those cases which hold that the sins of counsel may be visited upon the client[12] as we are of those which hold that they should not.[13] It is our opinion that this case belongs within the latter group. We do not in this decision lightly invade the discretion of the trial court, but merely believe, as did the court in Lyford

v. Carter, 274 F.2d 815, 816 (2d Cir. 1960), that "[u]nder the circumstances the doom entered below seems altogether too final and definitive. We think the action should take the more normal course of ordinary pleading and disposition in ways less abrupt."

Reversed with directions to reinstate the complaint.

---

10. It should be remembered that this suit was not dismissed at the instance of Mrs. Bruno, the defendant who was not served.

11. Overholt v. Matthews, 48 App.D.C. 482 (1919); Meloy v. Keenan, 17 App.D.C. 235 (1900). *But see* Berch to Use of Nationwide Mut. Ins. Co. v. Rosner, D.C. Mun.App., 136 A.2d 260 (1957).

12. See, e. g., Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734

(1962); Fowler v. Safeway Stores, Inc., D.C.Mun.App., 156 A.2d 682 (1959); Woods v. Baltimore & O.R.R., supra, note 6; Haber & Co. v. Goins, supra, note 6; Bell v. Thomas, supra, note 6.

13. See, e. g., L. P. Steuart, Inc. v. Matthews, 117 U.S.App.D.C. 279, 329 F.2d 234 (1964); Rankin v. Shayne Brothers, Inc., 108 U.S.App.D.C. 47, 280 F.2d 55 (1960); Jones v. Roundtree, D.C.App., 225 A.2d 877 (1967).