Festus O. AKINYODE and American Homeowners Insurance Company, Appellants,

v.

Leonard J. HAWKINS, Appellee.

No. 6331.

District of Columbia Court of Appeals.

Argued May 15, 1972.

Decided July 11, 1972.

Colin R. C. Dyer, Washington, D. C., for appellants.

Dolores Murray, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and PAIR, Associate Judges.

KELLY, Associate Judge:

On July 19, 1969, appellant Akinyode's automobile collided with that of appellee, to whom counsel for appellant American Homeowners Insurance Company subsequently addressed a demand letter at 1482 Peabody Street, N. W., an address supplied to it by Akinyode, its insured. An immediate response was forthcoming from appellee's attorney denying, on his behalf, any liability for the collision. As a consequence, on October 17, 1969, appellants sued to recover their respective property damage losses resulting from the accident. The original summons, issued to appellee at the Peabody Street address, was not served. An alias summons of June 30, 1970, issued to appellee at 1380 Peabody Street, N. W., was also returned unserved, as was a second alias summons of June 21, 1971, issued to appellee at that address. Ultimately on November 11, 1971, a special process server personally served the summons and complaint upon appellee's father at 1350 Jefferson Street, N. W., who turned the papers over to his son.[1]

Appellee moved to dismiss the complaint for lack of diligence in prosecution,[2] accompanying the motion with an affidavit averring that he had never lived at 1482 Peabody Street, N. W.; that he had at one time lived at 1380 Peabody Street, N. W., but had moved from there prior to the accident; that he lived at 1350 Jefferson Street, N. W. (his father's house) at the time of the accident and until recently; that he had always been available for service of process at his home or place of employment, and that during the time he had

resided on Jefferson Street the name Leonard Hawkins was listed in the telephone book at that address. Appellee specifically disclaimed any effort to evade service of process or attempt to secrete his whereabouts.

Points and authorities in opposition to the motion were filed by appellants who noted that appellee had responded to the letter addressed to him at 1482 Peabody Street, thus leading them to believe the address was correct. Appellee then submitted an additional affidavit stating that at the time of the accident he had shown the police and Akinyode his permit which bore the 1380 Peabody Street address, together with a certificate of change of address from the Department of Motor Vehicles showing his current residence to be 1350 Jefferson Street; that he received the letter addressed to 1482 Peabody Street because it was forwarded to him by the Post Office Department, and that his correct address was also given in the accident report filed with the Department of Motor Vehicles.

The motion to dismiss for want of diligent prosecution was granted and a subsequent motion for reconsideration denied.

■ As we have so often said, the question of due diligence in prosecution is ordinarily one of fact for the trial court and the dismissal of a complaint on that ground rests within its sound discretion.[3] Absent an issue of fact, the question becomes one of law.[4] And only rarely will this court disturb a ruling of the trial

---

1. Although he was never personally served with process appellee has entered his appearance and has submitted to the jurisdiction of the court.

2. SCR 41(b) Involuntary Dismissal: Effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivi-

sion and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

3. Sitwell v. Government Employees Ins. Co., D.C.App., 263 A.2d 262 (1970); Christian v. Bruno, D.C.App., 247 A.2d 54 (1968), and cases cited therein.

4. Id.

court dismissing an action for failure to prosecute.[5]

Appellants would have us hold it error to dismiss an action for want of diligent prosecution when service is obtained within the period of limitations, relying for support on the language in Christian v. Bruno, D.C.App., 247 A.2d 54, 58 (1968), that:

> In short, it is our view that mere passage of time does not justify a dismissal of appellant's complaint with prejudice, *still well within the period of limitations*, at a time when appellants were seeking to expedite the case, despite the substantial period of delay. [Emphasis supplied.]

Each case must be decided on its own unique facts, however, and the fact that the statute of limitations has yet to run on a cause of action is but one factor to be weighed in the balance. The statute and the authority embodied in Rule 41(b) serve a parallel purpose. Thus "[f]or the same reason that the statute of limitations bars the filing of stale claims, courts have exercised their inherent power to dismiss suits which have been filed and then allowed to lapse without diligent action by plaintiff." [6]

Lack of diligence in perfecting service has long been ground for dismissal of a complaint by the trial court in the exercise of its discretion.[7] The case before us is but another instance where inaction or misdirected action was found to be unjustified.[8] Appellee's uncontroverted affidavits show that he was within the jurisdiction and at all times available for service during the entire period of delay. His address was readily ascertainable with a minimum effort from police records, telephone book, or even through inquiry of his attorney, yet it took over two years to locate him. It is true, as appellants contend, that appellee did not pinpoint specific ways in which he was prejudiced by the delay but nevertheless, on this record, we find no abuse of discretion. As we have said, "[w]e will invade this discretionary field of the trial court only in an extreme case, and we are not convinced that this is such a case." [9]

Affirmed.

---

5. Berch to Use of Nationwide Mutual Ins. Co. v. Rosner, D.C.Mun.App., 136 A.2d 260 (1957).

6. Steele v. General Baking Co., D.C.Mun. App., 101 A.2d 845, 846 (1954).

7. Rouse v. National Seating Co., D.C.App., 244 A.2d 491 (1968); Bailey v. Washington Motor Truck Transp. Emp. Pension Trust, D.C.App., 240 A.2d 133 (1968); Shakesnider v. Rosenfeld, D.C. Mun.App., 144 A.2d 106 (1958); Steele v. General Baking Co., D.C.Mun.App., 101 A.2d 845 (1954).

8. Appellants blame a change of attorneys for some of the confusion as to addresses.

9. Berch to Use of Nationwide Mutual Ins. Co. v. Rosner, *supra* note 5, at 261.