Venetia GARCES and Martin Garces, Appellants,

v.

Ann P. BRADLEY, Appellee.

No. 6471.

District of Columbia Court of Appeals.

Argued Nov. 6, 1972.

Decided Jan. 8, 1973.

James W. Cobb, Washington, D. C., for appellants.

Thomas J. Scanlon, Washington, D. C., for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

This case is before the court on appeal from an order dismissing for want of prosecution an action for damages arising out of an automobile accident.

The facts are not in dispute. On August 15, 1966, appellant Venetia Garces sustained personal injuries when a taxicab in which she was a passenger was involved in a collision with an automobile operated by appellee. On May 10, 1967, she and her husband complained against appellee, demanding damages for the injuries and for loss of consortium.[1] Served with process on December 16, 1968, after issuance of three alias summonses, appellee answered the complaint and filed thereafter a third-party complaint against the operator of the taxicab in which appellant Venetia Garces was a passenger. Service of the third-party complaint was never accomplished, although four alias summonses were issued —the last on August 11, 1970.

It appears that no further action was taken in the case[2] until March 6, 1972,

---

1. Appellants demanded a jury trial.

2. The record on appeal is, in many ways, unsatisfactory. All that has been brought here are the pleadings, the motions to dismiss and to calendar and the opposition thereto, an amended statement of proceedings, the form order dismissing the complaint, and the docket entries.

when appellants filed a motion to calendar the case for trial. Appellee opposed the motion and countered with a motion to dismiss for want of prosecution which, on April 12, 1972, was granted and the motion to calendar denied. This appeal followed.

In the motion to calendar it was urged that (1) appellee had not achieved service of the third-party complaint, (2) that appellants' action was being delayed by reason of appellee's failure for more than one year to make further effort to serve the third-party complaint, and (3) that appellants were fearful that their complaint would be dismissed if they allowed the action to remain in limbo.

In opposition to the motion to calendar and in support of the motion to dismiss, it was urged that (1) the cause of action occurred in 1966, (2) the case had been at issue since 1968 but no further action had been taken by appellants, and (3) appellee's unsuccessful efforts to serve the third-party complaint had in no way prejudiced or prevented appellants from pursuing their cause of action.

■ There is, apparently, agreement that the sole issue on appeal is whether the trial court, in dismissing the complaint for want of prosecution, abused its discretion. Vested in the trial court, in this connection, is a sound discretion to be exercised with care, since a dismissal under Super.Ct. Civ.Rule 41(b) of an action which is at issue is a drastic remedy. It is true that inexcusable delay in bringing a case to trial generally warrants its dismissal. It is also true that what constitutes lack of diligence is a question of fact for the trial court. We have, however, recog-

nized that a dismissal for want of prosecution under Super.Ct. Civ.Rule 41 amounts to a final and definitive doom, and that a more normal course of pleading and disposition, "in ways less abrupt", is generally favored.[3] In fact, ". . . in some instances, where issue has been joined and no prejudice has resulted from the delay, the courts have held that delays of many years will not warrant a dismissal." Gaertner v. Eugene Leland Memorial Hospital, D.C.App., 248 A.2d 817, 819 (1968). *See also* Overholt v. Matthews, 48 App.D.C. 482 (1919); Meloy v. Keenan, 17 App.D.C. 235 (1900). In this connection, treatise writers have commented:

> [T]he court should first resort to the wide range of lesser sanctions which it may impose . . . such as dismissal without prejudice or putting the case at the foot of the calendar. . . . In some cases they have ordered a sum assessed against the delinquent attorney,[4] reasoning that this will vindicate the purposes of the rules without being unduly harsh on the party himself. . . .[5] [Footnotes omitted.]

■ This approach is consistent with the well settled rule that the law abhors a default, and the corollary of the rule that dispositions on the merits are favored. *Cf.* Barr v. Rhea Radin Real Estate, Inc., D.C.App., 251 A.2d 634, 635 (1969). Here, significantly enough, there is no showing in the record whatsoever that appellee was prejudiced by the delay or that the trial court found prejudice. Certainly the absence of any such showing was one of the considerations which the trial court was required to weigh in exercising its discre-

---

3. Christian v. Bruno, D.C.App., 247 A.2d 54, 58 (1968).

4. Appellants' counsel at oral argument represented to the court that, because of ethical considerations and as a matter of professional courtesy, he had deferred going forward to permit appellee to ob-

tain service upon the third-party defendant.

5. 9 Miller & Wright, Federal Practice and Procedure, Civil § 2369, at 196. *See also* 5 J. Moore, Federal Practice ¶ 41.11[1] at 1113 et seq. (2d ed. 1971).

tion. *See* Christian v. Bruno, D.C.App., 247 A.2d 54 (1968).

■ Because a dismissal under Rule 41(b) operates as an adjudication on the merits, a finding as to whether or not appellee was prejudiced by the delay is essential to meaningful appellate review. The record in this case is barren of any such findings. Thus, in the absence of either a transcript or appropriate findings, we are unable to conclude how, if at all, the trial court exercised its discretion.

The order of April 12, 1972, dismissing for want of prosecution appellants' suit is vacated and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

So ordered.

KELLY, Associate Judge (dissenting):

We have made it clear on more than one occasion that a ruling by the trial court on the question of lack of diligence in prosecution will be disturbed only in an extreme case. Akinyode v. Hawkins, D.C. App., 292 A.2d 795 (1972); Sitwell v. Government Employees Ins. Co., D.C.App., 263 A.2d 262 (1970); Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106 (1958); Berch v. Rosner, D.C.Mun.App., 136 A.2d 260 (1957). In my judgment this is not such a case. In its order granting the motion to dismiss the trial court found that "for a period of approximately 35 months the plaintiffs did not . actively prosecute this case . . . ." This unexplained delay,[1] on undisputed facts,[2] establishes lack of diligence as a matter of law. *Sitwell, supra; Shakesnider, supra.* Accordingly, rather than remanding the case to the trial court for further proceedings, I would affirm.

---

1. As to the matter of professional courtesy, mentioned at oral argument, there apparently was no communication between counsel at any time during the pendency of this action.

2. As to the reference in note 2 of the majority opinion concerning the record on appeal, it appears that the entire record was designated, except for the various summonses, and a transcript of oral argument on a motion is not part of an appellate record.