Diane WEINSTEIN, Appellant,

v.

Carol CALABRESE, et al., Appellees.

No. 80–194.

District of Columbia Court of Appeals.

Argued Feb. 20, 1981.

Decided Dec. 14, 1981.

Diane Weinstein, pro se.

J. Michael Hemmer, with whom John E. Scheuermann, Washington, D. C., was on the brief, for appellees.

Before NEWMAN, Chief Judge and KERN and MACK, Associate Judges.

MACK, Associate Judge:

A landlord appeals from a judgment of the Small Claims and Conciliation Branch, Civil Division of the Superior Court ordering her to refund to appellees $728.05 held as security for premises leased by them. We affirm.

Appellant first alleges that the trial court erred in denying her motion for dismissal on the basis of unauthorized practice of law. In support of the motion to dismiss, appellant stated it was her belief that the plaintiffs/tenants, who were full-time students, were not indigent. If the trial court determined that the plaintiffs were in fact not indigent, the law students appointed to represent them were in violation of D.C.App. R. 46 III(a)(1) and were thus engaged in the unauthorized practice of law.[1]

The decision to dismiss a case for failure to comply with the rules of the court

1. Appellant seeks to rely on *J. H. Marshall & Associates, Inc. v. Burleson*, D.C.App., 313 A.2d 587 (1973). We find *Marshall* factually distinguishable. In *Marshall* the plaintiff was the party charged with unauthorized practice of law.

is committed to the discretion of the trial court.[2]

The trial court denied the motion without hearing evidence on the issue of indigency. While the court noted it had a right, if not a duty, to see that court rules are followed, it observed that the matter had been brought previously to the attention of the District of Columbia Court of Appeals which had the capacity and competency to enforce its rules.[3]

■ Appellant's concern that the rules of the court be carried out is to be commended,[4] and an inquiry by the Committee on Unauthorized Practice of Law into the adequacy of standards for determining whether an individual is "indigent" may be advisable. However, on this record we find no abuse of discretion by the trial court in denying the motion to dismiss and in considering the merits of the claim. *Garces v. Bradley*, D.C.App., 299 A.2d 142 (1973).

Appellant also alleges that the Small Claims and Conciliation Branch was without jurisdiction to consider appellees' claim since the amount in controversy was in excess of the $750 jurisdictional limitation set by D.C. Code 1973, § 11–1321.

■ We find the amount in controversy to be within the jurisdictional limitation. The record discloses that the complaint alleged damages in the sum of $750. In reaching the $728.05 amount awarded to appellees, the trial court deducted from the $875 security deposit the $146.95 properly withheld by appellant.

*Affirmed.*

NEWMAN, C. J., concurs in the result only.

KERN, Associate Judge, dissenting:

Although the issue presented by this appeal arises in a Small Claims case it has significance to both the community and the bar, as well as this court. The issue is: Whether the law students authorized by this court's Rule 46 III to provide legal assistance to "indigent" persons in litigation in the Superior Court of the District of Columbia are engaged in the unauthorized practice of law when they represent full-time college and graduate school students without regard to the individual financial situation of these student-clients.

The record reflects that the Board of Directors of the D.C.Law Students in Court Program (LSIC) has vested discretion in its Executive Director to provide legal representation to persons who are *not* within the Program's regular indigency guidelines, *viz.*, $140 take-home pay per week (Supp. Record #2 at 156); and, that the Director in turn has adopted the policy of permitting these law student-advocates to represent in court anyone who is a full-time student. (Supp. Record #2 at 160.)

The law students in the instant case rented from appellee her home in northwest Washington for $750 a month. Appellant subsequently retained appellees' security deposit because she alleged they had inflicted damages upon the premises during their tenancy, and appellees filed suit in the Small Claims Branch of the Civil Division. Appellees obtained representation from LSIC without presenting income statements but merely upon the certification that they were full-time students.

The impact upon the community and the bar from the LSIC policy of rendering legal

---

**2.** See Super.Ct.Civ.R. 41(b) which provides in relevant part:

> (b) INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him .... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

*See also Taylor v. Washington Hospital Center*, D.C.App., 407 A.2d 585 (1979).

**3.** It is conceded by appellant that two months prior to the hearing she sent to the Clerk of the District of Columbia Court of Appeals a copy of a letter to the director of the Law Students in Court program outlining her concerns.

**4.** Appellant was not prejudiced by the representation of appellees at trial by court-appointed student attorneys.

assistance in civil suits such as this to full-time graduate and undergraduate students is obvious: that particular segment of the community whose income is within the LSIC income-level guidelines to qualify as an indigent person under our Rule 46 III must now share the limited number of law students available under this clinical program with all of the full-time college and graduate school students in the District; and, those members of the bar who would seek to represent student-litigants in cases such as this for a fee must defer to law students in the clinical program who charge nothing for *their* legal representation.

Lest it be supposed that law student representation of students without charge in a small claims suit does not disadvantage the other party proceeding *pro se*, I refer to the statement in the record before us of appellant:

The normal process in litigation is that a plaintiff decides that whether he or she is willing to prosecute the claim, because it's going to be costly; it's going to be energy consuming; it's going to be all the other things, and for these girls to just be automatically referred by their law school—by somebody at the university to free representation because they think they may have a claim and I think that in my case it's not so important, perhaps, because I have just graduated from law school and I can cope with some of this but if just some woman was renting out her house during the winter while she was in Florida, received a letter of the sort that I had received, I think she would be hard pressed to deal with and I just—So, I mean all of these things don't really go to the issues that I had raised in my motion to dismiss for unauthorized practice, but I think they give some of the practical problems involved in allowing this sort of thing to happen. [Supp. Record #2 at 166–67.]

The inherent unfairness caused by a clinical program which permits innovative and energetic law students to represent without charge other students against *pro se* parties who are apt to deal financially with students, such as landlords and storekeepers, occurs not just in the courtroom. The appellant in the instant case recounted that during the pretrial proceedings:

I was sent an informal request for discovery, which was not signed by the supervising attorney, which threatened to subpoena my mother twice, which threaten[ed] to bring me before the Court where I could explain why my recalcitrance when I had never been even given an opportunity to even respond to a discovery request. We had telephone calls at home from the Law Students in Court to our babysitters asking—saying it was an emergency and they had to reach us at parties. I just found that the whole procedure was so—I would have been happ[y] to come in September when this case was first brought and litigated the entire matter on the merits.[1] [Record at 165–66.]

The trial court despite a proffer at trial by the law student representing the six appellee-students in the instant case to have them "testify under oath as to their financial situation," (Supp. Record #2 at 8), determined not to inquire into the indigency *vel non* of these particular students in litigation with their landlady. The court in denying appellant's motion,[2] concluded that the presence of student counsel would facilitate the trial of the case and, further, that the "Court of Appeals and its employees have already had their attention drawn to this matter and are perfectly capable and competent to enforce their own rules."[3] (Supp. Record #2 at 168.)

---

1. There is nothing in the record to show or even suggest that the law student counsel in the pretrial discovery stage were also counsel at trial; these trial counsel provided highly professional (and effective) representation to appellees.

2. Appellant filed a motion to dismiss appellees' claim on the ground that their representation in court by law student counsel was improper under the applicable rule and the particular circumstances.

3. During the hearing on appellant's motion to dismiss reference was made to the fact that the

Now that this court, as distinguished from its staff, has been called upon here to consider the way in which its Rule 46 III is being applied in practice, I am of opinion that we should reject the exception LSIC has created from its indigency guidelines for full-time students and require a uniform application of the Program's guidelines. Otherwise, we divert scarce legal resources from those members of this community who most need them and we risk bringing into disrepute the most laudable purpose of the law-student clinical program.

I would reverse the judgment and remand the case so that the trial court may hear the proffer made by appellees as to their financial situation.[4]

I respectfully dissent.

Clerk and Deputy Clerk of this court were made aware of the LSIC policy of representing full-time students without regard to financial status. Appellees conceded that no ruling was issued or formal inquiry undertaken at that time. (Supp. Record #2 at 169.)

4. The trial judge recalled, in refusing to have a showing of financial need by appellees, that he had in another case in another branch of the Civil Division denied leave by college students to proceed in forma pauperis. This suggests that to make a showing of indigency under the regular LSIC guidelines by filing appropriate forms would not be unduly burdensome to the trial court.